SECOND DIVISION
June 15, 2010

No. 1-09-2454

| | | |
|---|---|---|
| DONNA K. KRICKL, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| GIRL SCOUTS, ILLINOIS CROSSROADS | ) | |
| COUNCIL, INC., | ) | No. 07 L 005564 |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| (Phillip R. Arends, | ) | Honorable |
| | ) | Randye Kogan, |
| Defendant). | ) | Judge Presiding. |

_____JUSTICE THEIS delivered the opinion of the court:

Plaintiff, Donna Krickl, appeals from the order of the circuit court granting summary judgment in favor of defendant, Girl Scouts, Illinois Crossroads Council, Inc. (Council). Plaintiff was a pedestrian in a grocery store parking lot when she was struck by a car driven by Philip Arends, a volunteer assistant leader of his daughter's Brownie troop, who had just finished supervising the troop's cookie sale. Plaintiff filed a two-count complaint alleging that Arends was negligent and that he was acting as an agent of the Council, which was vicariously liable for his alleged negligence. The Council moved for summary judgment on the second count and argued that Arends was not acting as its agent. The circuit court granted the Council's motion. Plaintiff

timely appealed and contends that the circuit court erred in granting summary judgment because the court improperly focused on the Council's right to control Arends at the time of the accident and improperly intertwined the agency analysis with the scope of employment analysis. We find that Arends was not an agent of the Council at the time of the accident and, therefore, we affirm.

BACKGROUND

Arends was an assistant troop leader for his daughter's Brownie troop. On March 3, 2007, Arends and his wife, the troop leader, were supervising the troop's Girl Scout cookie sale outside a grocery store in Des Plaines. The night before the sale, Arends had packed a table and some chairs that he had borrowed from a friend into his minivan. The morning of the sale, he packed the boxes of cookies that were going to be sold at the site and drove to the site with his daughter. His wife drove her car to the site with a few of the girls and a few of the girls were dropped off at the site by their own parents. Arends pulled his minivan up to the front of the grocery store, unloaded the cookies, the table and chairs, and then parked his minivan in the store's lot. The sale was scheduled to run from 11 a.m. to 1 p.m., but the girls sold out of cookies before the scheduled end of the sale.

Arends drove his minivan up to the front of the store and loaded the table and chairs into the back. He then drove his minivan, with one of the girls as a passenger, around the parking lot to where his wife was parked and called her cell phone to discuss taking the girls to lunch. Arends and his wife previously had talked about taking the girls out to lunch after the sale as a reward. They decided to take the girls, who had complained during the sale about being cold and

hungry, to McDonald's for lunch. However, one of the girls was picked up from the grocery store by her parents and did not join the group for lunch.

Arends does not recall many details about the accident, but the relevant facts are not in dispute. Arends drove forward toward where his wife was parked, struck a parked car, hit plaintiff, struck a pole and then backed up and ran over plaintiff, trapping her under his rear tire. Plaintiff was seriously injured as a result of the accident.

At the time of the accident, the Council was the administrative head of the Girl Scouts for the northeast Illinois geographic area, which contained approximately 15 vistas, essentially smaller geographic units within northeastern Illinois. Although the Council created an application for approval of a cookie site sale, these applications were not submitted to the Council, but were instead submitted to and reviewed by the cookie site coordinator for the applicable vista. The site coordinator approved the troop's application for the March 3 sale. The application did not contain any information about a lunch to be held after the cookies were sold. The Council did not exercise direct control over the regular activities of the troop and there were no officers or members of the Council present at the March 3 site sale. Neither Arends nor his wife informed the Council about their plan to take the girls to lunch after the sale and the Council was not otherwise aware of the lunch plan. No trip forms or permission slips were completed for the lunch at McDonald's.

The Council filed a motion for summary judgment pursuant to section 2-1005 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1005 (West 2008)) and argued that Arends was not acting as an agent of the Council at the time of the accident. The circuit court granted the

1-09-2454

Council's motion and found "[t]here is no issue of fact and as a matter of law there is no basis upon which to support the allegation in the complaint of agency." Plaintiff filed a motion for reconsideration. The circuit court continued the motion and permitted the parties to conduct additional discovery. The Council then filed a response in which it reiterated its argument that there was no agency relationship and also argued that even if there were an agency relationship, Arends was not acting within the scope of that relationship at the time of the accident. The circuit court denied plaintiff's motion for reconsideration and stated that the order granting summary judgment in favor of the Council would stand. Plaintiff and the Council moved for a special finding that there was no just reason for delaying the appeal of the order. The circuit court granted the motion. Plaintiff now appeals pursuant to Supreme Court Rules 301 and 304(a). 155 Ill. 2d R. 301; 210 Ill. 2d R. 304(a).

ANALYSIS

Plaintiff argues that Arends was an agent[1] of the Council because the "Council controlled almost every aspect of the cookie sale from beginning to end and Arends was essentially supervising a sales branch of a multi-million dollar corporation." Plaintiff states in her brief there is no case law in Illinois that establishes the nature of the relationship between a Girl Scout

---

[1] Although plaintiff uses the terminology "master" and "servant" in her initial brief, the complaint alleges that Arends was an agent of the Council. Further, plaintiff's reply brief analyzes the relationship between Arends and the Council as one of principal and agent. The distinction is not relevant for this analysis and we consider whether Arends was an agent of the Council. Cnota v. Palatine Area Football Ass'n, 227 Ill. App. 3d 640, 653 (1992).

4

council and its adult volunteers. She then cites extensively to the "2007 Cookie Program Guidebook for Girl Scouts and Their Families" (Guidebook) and the "Safety-Wise" manual (Safety-Wise) as support for her position that Arends was an agent of the Council. She also relies on the fact that Arends was a registered member of the Girl Scouts who had submitted to a background check and attended a training session for the cookie sale program. Plaintiff concludes that Arends was an agent of the Council for purposes of the cookie sale and the only question is whether Arends was acting within the scope of that agency at the time of the accident.

Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2008). "In determining whether a genuine issue of material fact exists, the pleadings, depositions, admissions and affidavits must be construed strictly against the movant and liberally in favor of the opponent." Adames v. Shehan, 233 Ill. 2d 276, 295-96 (2009). To survive a motion for summary judgment, "the nonmoving party must present a factual basis that would arguably entitle him [or her] to a judgment." Robidoux v. Oliphant, 201 Ill. 2d 324, 335 (2002). "A genuine issue of material fact precluding summary judgment exists where the material facts are disputed, or, if the material facts are undisputed, reasonable persons might draw different inferences from the undisputed facts." Adames, 233 Ill. 2d at 296. The standard of review of an order granting summary judgment is *de novo*. Adames, 233 Ill. 2d at 296.

A principal is liable for the tort of his agent under the doctrine of *respondeat superior* when the tort is committed within the scope of the agent's agency. Adames, 233 Ill. 2d at 298;

5

Anderson v. Boy Scouts of America, Inc., 226 Ill. App. 3d 440, 443 (1992). "The test of agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal." Anderson, 226 Ill. App. 3d at 443. "The ability or right to control is a key element to the determination, regardless of whether or not the principal exercises that right to control." Anderson, 226 Ill. App. 3d at 443-44; see also Eychaner v. Gross, 202 Ill. 2d 228, 268-69 (2002). A principal may be liable for the torts of an agent even where that agent is a volunteer. Alms v. Baum, 343 Ill. App. 3d 67, 71 (2003). The purpose for which a volunteer acts may be important when determining whether he or she is an agent. Cnota, 227 Ill. App. 3d at 649; Restatement (Second) of Agency §225, Comment *b* (1958). The burden of proving the existence and scope of an agency relationship is on the party seeking to impose liability on the principal. Adames, 233 Ill. 2d at 299. Although the existence of an agency relationship usually is a question of fact, it is an issue of law where the facts relating to the relationship are undisputed or no liability exists as a matter of law. Ioerger v. Halverson Construction Co., 232 Ill. 2d 196, 202 (2008); Anderson, 226 Ill. App. 3d at 444.

After reviewing the record and considering the evidence presented by plaintiff, we find no genuine issue of material fact with respect to whether Arends was an agent of the Council. The undisputed facts in the record establish that Arends was not acting as an agent of the Council at the time of the accident. The cookie site sale was over because the girls had finished selling all of the cookies. The table and chairs had been reloaded into the minivan that was owned and operated by Arends. One of the girls had been picked up by her parents. Arends had driven away

from the front of the grocery store, where the troop had sold the cookies, to the other side of the parking lot and was calling his wife to confirm where they were going to take the remaining girls for lunch. The Council was not aware that Arends and his wife planned to take some of the girls to lunch after the sale and no permission slips were completed for the lunch. Arends and his wife decided of their own accord to take the girls to lunch as a reward for their hard work and because they were complaining about being cold and hungry. The lunch did not further the purposes of the Council. Cnota, 227 Ill. App. 3d at 649 (stating that an end of the season pizza party at which participation awards were distributed did not further the purpose of a youth football association). Therefore, Arends was not an agent of the Council at the time of the accident with plaintiff.

Plaintiff has not cited any Illinois decisions holding that a volunteer assistant scout troop leader is an agent of the local scouting council. Indeed, plaintiff cites to only one case, from another jurisdiction, in which a court found that summary judgment in favor of a national scouting organization was not proper. Mayfield v. Boy Scouts of America, 95 Ohio App. 3d 655, 660, 643 N.E.2d 565, 569 (1994). In Mayfield, an adult supervisor for a camping trip violated a Boy Scout regulation requiring that scouts be supervised during all activities. Mayfield, 95 Ohio App. 3d at 657, 643 N.E.2d at 566. A boy scout, who was collecting sticks for use in his scouting project, was seriously injured when a tree limb broke off and scratched his eye. Mayfield, 95 Ohio App. 3d at 657, 643 N.E.2d at 566. The scout's mother said that in deciding to send her son on the camping trip, she had relied on the regulation and believed that her son would be supervised at all times. Mayfield, 95 Ohio App. 3d at 658, 643 N.E.2d at 568. Here, plaintiff has not identified a specific Council regulation on which she relied and which was violated by Arends.

7

Moreover, the scouting activity, the cookie site sale, had ended and Arends was driving one of the girls to lunch with some of the other girls from the troop.

The facts of this case are more analogous to those in Anderson. In Anderson, a scout leader drove his car to drop off craft materials for a scouting project. Anderson, 226 Ill. App. 3d at 441. After dropping off the materials, he was backing out of a driveway when he hit a pedestrian. Anderson, 226 Ill. App. 3d at 441. The plaintiff filed a complaint alleging that the local scouting council was liable for the negligence of the scout leader under the doctrine of *respondeat superior*. Anderson, 226 Ill. App. 3d at 441-42. This court found that the plaintiff had failed to establish an agency relationship and affirmed summary judgment in favor of the local council. Anderson, 226 Ill. App. 3d at 444-45. This court stated that the scouting rules and regulations were insufficient to establish the local council's control over the scout leader's conduct. Anderson, 226 Ill. 3d at 444-45 (stating that the court found "no provisions in the charter, bylaws, rules and regulations promulgated by the [Boy Scouts of America], nor can plaintiffs cite to any provisions within these documents, which specifically grant BSA or its district councils direct supervisory powers over the method or manner in which adult volunteer scout leaders accomplish their tasks").

Anderson is consistent with the numerous cases from around the country holding that national organizations and local councils do not retain control over the actions of their scout leaders and, therefore, are not liable for the negligence of the scout leaders under the doctrine of *respondeat superior*. See, *e.g.*, McGarr v. Baltimore Area Council, Boy Scouts of America, Inc., 74 Md. App. 127, 141, 536 A.2d 728, 735 (1988) (local council not liable under doctrine of

*respondeat superior* for injury to scout resulting from negligence of scoutmaster during camping excursion); Wilson v. St. Louis Area Council, Boy Scouts of America, 845 S.W.2d 568, 571 (Mo. App. 1993) (troop leaders not agents of local council while participating in trip because leaders made decision to participate in the trip without informing council and, therefore, council did not control leaders' actions); Alessi v. Boy Scouts of America Greater Niagara Frontier Council, Inc., 668 N.Y.S.2d 838, 838, 247 A.D.2d 824, 824 (App. Div. 1998) (holding that court erred in failing to grant local council's motion to dismiss complaint for injuries to scout while on troop sledding trip because the local council did not have supervision or control over the activities of the scoutmaster and, therefore, local council was not liable for scoutmaster's actions under doctrine of *respondeat superior*); Santho v. Boy Scouts of America, 168 Ohio App. 3d 27, 39, 2006-Ohio-3656, 857 N.E.2d 1255, at ¶ 27 (distinguishing Mayfield and holding that troop leader was not an agent of local council when he organized a skating party for the troop because there was no evidence that the local council knew about the party or had any control over the troop leader's conduct); Glover v. Boy Scouts of America, 923 P.2d 1383, 1389 (Utah 1996) (affirming trial court dismissal of complaint against local council arising out of scoutmaster's negligent transportation of troops after weekly meeting because local council did not have control over scoutmaster and, therefore, he was not agent of local council); Mauch v. Kissling, 56 Wash. App. 312, 317, 783 P.2d 601, 605 (1989) (holding as a matter of law that local council was not liable for negligence of scoutmaster under agency theory).

Plaintiff's reliance on the Guidebook and Safety-Wise manual do not establish the Council's control over Arends' conduct at the time of the accident. The Guidebook, which

generally is provided to scouts and their families, sets forth the logistics related to the cookie program (*e.g.*, dates, varieties of cookies, and how to handle the proceeds), the requirements for cookie site sales (*e.g.*, two adults must supervise, the troop determines how many site sales to hold, the Vista site coordinator approves the troop's requested site, and participants must wear Girl Scout clothing) and general tips for a successful site sale (*e.g.*, be polite, know the product, have a goal and leave your site in better condition than you found it). The Guidebook does not include travel to or from the site sale as part of the site activity nor does it require that the troop have lunch together after a site sale. Moreover, plaintiff fails to cite to any provisions in the Guidebook that specifically grant the Council direct supervisory powers over the method or manner in which adult volunteers, such as Arends, carry out their tasks. Plaintiff also fails to cite to any provisions that give Arends the power to affect the legal relations of the Council.

Similarly, the Safety-Wise manual does not establish the Council's control over Arends. Safety-Wise requires that if a private vehicle is used to transport scouts, that vehicle must comply with applicable state laws and be operated by a licensed driver. Safety-Wise also states that if travel is part of an activity, then it should be regulated by Safety-Wise. The Guidebook, however, does not list travel as part of a cookie site sale. The general guidelines in Safety-Wise do not establish the Council's right to control the manner or method by which Arends drove to lunch. Glover, 923 P.2d at 1388 (Boy Scouts' rules and guidelines on transportation "do little more than set forth minimum qualifications and rules that are largely coextensive with state law and common sense"). Similarly, the fact that the Council provided Arends training regarding the cookie

program or that Arends wore a Girl Scout t-shirt do not establish the Council's right to control his actions. See Glover, 923 P.2d at 1387-88.

Even if Arends were an agent of the Council, he was not acting within the scope of that agency when he drove his minivan to lunch after the site sale. Section 228 of the Restatement (Second) of Agency provides criteria to consider when determining whether an agent is acting within the scope of employment. Adames v. Sheahan, 233 Ill. 2d 276, 298-99 (2009). Section 228 states:

> "(1) Conduct of a servant is within the scope of employment if, but only if:
>
> > (a) it is of the kind he is employed to perform;
> >
> > (b) it occurs substantially within the authorized time and space limits;
> >
> > (c) it is actuated, at least in part, by a purpose to serve the master ***[.]
> >
> > ***
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Restatement (Second) of Agency §228, at 504 (1958).

The first three criteria must be satisfied for an agent to be considered acting within the scope of employment. Adames, 233 Ill. 2d at 299. The plaintiff must establish the "contemporaneous relationship between the tortious act and the scope of employment." Adames, 233 Ill. 2d at 299.

11

The facts of this case do not satisfy any of the three criteria. Arends was an assistant Brownie troop leader who was at the grocery store to supervise a cookie site sale. He was not there because the Council instructed or required him to treat the girls to lunch. Although the accident with plaintiff occurred in the grocery store parking lot, the sale had ended, Arends had loaded the table and chairs into his minivan and driven away from the site of the sale and he was preparing to exit the parking lot on his way to lunch. Finally, rewarding the girls for their efforts does not serve the Council's purpose. The lunch was not a mandatory activity for the troop and, in fact, at least one of the girls did not attend the lunch. Moreover, plaintiff has not cited any evidence in the record supporting her argument that the lunch served the purpose of the Council because it created a positive feeling about Council activities or created an incentive for future sales. The facts in the record do not satisfy any of the three criteria necessary to establish that Arends was acting within the scope of employment. Therefore, even if Arends were an agent of the Council, he was not acting within the scope of that agency when he attempted to drive out of the parking lot on his way to lunch. See Alms, 343 Ill. App. 3d at 77-78 (holding that camp leader was not acting within the scope of his employment when he gratuitously transported fellow leaders to and from a bar after a mandatory meeting); Anderson, 226 Ill. App. 3d at 445.

CONCLUSION

For the reasons discussed above, Arends was not an agent of the Council when the accident occurred. Even if Arends were an agent of the Council, he was not acting within the scope of that agency at the time of the accident. Therefore, summary judgment in favor of the

1-09-2454

Council was proper and we affirm the circuit court's order granting summary judgment and denying plaintiff's motion for reconsideration.

Affirmed.

CUNNINGHAM, P.J., and HOFFMAN, J., concur.

**DONNA K. KRICKL,**

**Plaintiff-Appellant,**

v.

**GIRL SCOUTS, ILLINOIS CROSSROADS COUNCIL, INC.,**

**Defendant-Appellee**

**(Philip R. Arends, Defendant).**

## No. 1-09-2454

**Appellate Court of Illinois**
**First District, Second Division**

**Filed: June 15, 2010**

### JUSTICE THEIS delivered the opinion of the court.

**Cunningham, P.J., and Hoffman, J., concur.**

**Appeal from the Circuit Court of Cook County**
**Honorable Randye Kogan, Judge Presiding.**

| For PLAINTIFF-APPELLANT | Robert H. Hanaford | For DEFENDANT-APPELLEE | Esther Joy Schwartz |
|---|---|---|---|
| | Brett J. Swanson | | Donald E. Stellato |
| | Law Offices of | | Elise D. Allen |
| | Robert Hanaford | | Stellato & Schwartz, Ltd. |
| | 222 South Riverside Plaza, | | 120 N. LaSalle Street, |
| | Suite 1550 | | 34th Floor |
| | Chicago, Illinois 60606 | | Chicago, Illinois 60602 |