2022 IL App (1st) 211351-U

No. 1-21-1351

Order filed September 19, 2022.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GPB STOCKHOLDER GROUP, LLC, and JULIA STAMBERGER, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 2019 CH 5418 |
| PARTNERSHIP CAPITAL GROWTH INVESTORS III, L.P., CLIF WHITE ROAD INVESTMENTS, LLC, JANICA LANE, GREGG BAGNI and BRENT KNUDSEN, | ) ) ) ) ) | The Honorable Michael T. Mullen, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE LAVIN delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**<u>ORDER</u>**

¶ 1     *Held*: Plaintiffs failed to demonstrate that the circuit court erroneously dismissed their complaint where their opening brief addressed only one of many potential bases for dismissal.

¶ 2     This appeal arises from a dispute between various individuals and entities related to

GoPicnic Brands, Inc. (GoPicnic). Specifically, plaintiffs GPB Stockholder Group, LLC (GPB),

and Julia Stamberger filed an amended complaint against defendants Partnership Capital Growth Investors III, L.P.(PCGI), Clif White Road Investments, LLC (White Road), Janica Lane, Gregg Bagni and Brent Knudsen. Plaintiffs asserted claims of breach of fiduciary duty, aiding and abetting breach of fiduciary duty and civil conspiracy to breach fiduciary duty. Ultimately, the circuit court granted defendants' combined motions to dismiss the amended complaint (735 ILCS 5/2-619.1 (West 2020)).

¶ 3    While defendants' motions identified several bases for dismissal, plaintiffs' opening brief on appeal addresses just one. Plaintiffs contend that the circuit court erroneously dismissed their complaint on the basis that GoPicnic's 2012 amended certificate of incorporation required this action to be brought in Delaware. Plaintiffs also assert that the court erroneously struck content from affidavits supporting their response to the motions to dismiss. We affirm the court's judgment.

¶ 4                                    I. Background

¶ 5    GoPicnic was a Delaware corporation headquartered in Illinois. At its founding, Stamberger served as its president and CEO as well as a director. She was also the company's largest investor. In 2012, PCGI and White Road purchased a minority stake in GoPicnic through Series B preferred stock and entered into several related agreements (Series B Agreements). PCGI and White Road also appointed Lane, Bagni and eventually Knudsen to GoPicnic's board.

¶ 6    In 2014, GoPicnic terminated Stamberger for cause, although Stamberger maintains that no cause existed. GoPicnic filed for bankruptcy the same year. The parties dispute whether Stamberger's prior actions or defendants' actions caused the company's financial difficulties. In any event, Stamberger and others formed GPB, which purchased GoPicnic's remnant assets through an asset purchase agreement with the bankruptcy trustee in 2018. After the United States

Bankruptcy Court for the Northern District of Illinois approved the remnant sale, plaintiffs commenced this action.

¶ 7     Defendants ultimately filed combined motions to dismiss the amended complaint, identifying several independent bases for dismissal. The motions asserted, among other things, that (1) GoPicnic's 2012 amended certificate of incorporation required this dispute to be resolved in Delaware: (2) the Series B Agreements required this dispute to be resolved in Delaware; (3) plaintiffs' claims were time-barred under Delaware law; and (4) Stamberger executed a settlement agreement with the bankruptcy trustee releasing all claims against GoPicnic's directors.

¶ 8     Following a hearing on September 22, 2021, the circuit court entered a written order granting the motions to dismiss the amended complaint with prejudice. Citing the amended certificate of incorporation, the court found that the complaint needed to have been filed in Delaware, not Illinois. Plaintiffs now appeal.

¶ 9                                  II. Analysis

¶ 10     Section 2-619.1 permits a defendant to file a combined motion to dismiss under sections 2-615 and 2-619. *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 33. While a section 2-615 motion challenges the sufficiency of the complaint, a section 2-619 motion asserts that an affirmative matter outside the complaint defeats the causes of action raised therein. *Masters v. Murphy*, 2020 IL App (1st) 190908, ¶ 9. We review the dismissal of a combined motion to dismiss *de novo*. *Kucinsky*, 2020 IL App (3d) 170719, ¶ 34. Accordingly, we may affirm on any basis in the record, regardless of the circuit court's reasoning. *Grassroots Collaborative v. City of Chicago*, 2020 IL App (1st) 192099, ¶ 21.

¶ 11    Here, defendants' motions raised numerous bases for dismissing the amended complaint. The circuit court granted the motions on the basis that the amended certificate of incorporation required plaintiffs' claims to have been brought in Delaware. Plaintiffs now argue that this reasoning was erroneous.

¶ 12    Even assuming plaintiffs are correct, however, they are not entitled to reversal if even one of defendants' alternative bases for dismissal is valid. Under our *de novo* review, it is irrelevant that the circuit court did not address those alternative bases. See *Grassroots Collaborative*, 2020 IL App (1st) 192099, ¶ 21. Yet, plaintiffs' opening appellate brief did not address defendants' other grounds for dismissal. Their opening brief ignored defendants' assertion that regardless of what the amended certificate of incorporation requires, the Series B Agreements independently require this lawsuit to be maintained in Delaware.

¶ 13    The reviewing court is not a repository into which the parties may dump the burden of argument or research. *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 33. In addition, the reviewing court is not required to act as an advocate. *Benton v. Little League Baseball, Incorporated*, 2020 IL App (1st) 190549, ¶ 39. We are entitled to clearly defined issues supported by pertinent authority and cohesive arguments. *Id*. Moreover, "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (Oct. 1, 2020).

¶ 14    Because plaintiffs' opening brief  did not develop an argument to the contrary, we presume that the circuit court properly dismissed the complaint because the Series B Agreements required this action to be brought in Delaware, regardless of what the amended certificate of incorporation may have required in this instance. To the extent that plaintiffs' reply brief addressed the Series B Agreements, we find plaintiffs' arguments in that regard had already been

forfeited. Accordingly, we affirm the circuit court's dismissal of the amended complaint. In light of our determination, we need not consider plaintiffs' challenge to the court's order striking content from their affidavits.

¶ 15     For the foregoing reasons, we affirm the circuit court's judgment.

¶ 16     Affirmed.