NOTICE

Decision filed 07/22/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-07-0285

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, | ) Petition on Review of the Order |
| | ) of the Illinois Pollution Control |
| Petitioner, | ) Board. |
| | ) |
| v. | ) PCB 06-171 |
| | ) |
| ILLINOIS POLLUTION CONTROL BOARD, | ) |
| ILLINOIS ENVIRONMENTAL | ) |
| PROTECTION AGENCY, and AMERICAN | ) |
| BOTTOM CONSERVANCY, | ) |
| | ) |
| Respondents. | ) |

_____

JUSTICE WELCH delivered the opinion of the court:

This is a direct administrative review of a decision of the Illinois Pollution Control Board (Board) that invalidated a renewed National Pollutant Discharge Elimination System (NPDES) permit issued to United States Steel Corp. (U.S. Steel) by the Illinois Environmental Protection Agency (Agency). The Board invalidated the permit solely on the basis that despite a "significant degree of public interest in the proposed permit" the Agency had failed to hold a public hearing on the issuance of the permit. For reasons that follow, we vacate the decision of the Board and remand this cause to the Board for further proceedings.

On October 17, 2002, the Agency received an application from National Steel Corp. for the renewal of its permit for its Granite City steel-making facility to discharge industrial process wastewater into Horseshoe Lake, which is a part of Horseshoe Lake State Park. The application was subsequently amended to reflect U.S. Steel's acquisition of the Granite City facility.

On December 14, 2002, the Agency issued a public notice soliciting public comment

1

on the proposed permit. The Agency received only three comment letters, one from U.S. Steel, which did not request a public hearing on the proposed permit. The second comment letter was from an organization entitled Health & Environmental Justice–St. Louis, which requested a public hearing on the proposed permit. A third comment letter was received from American Bottom Conservancy, Health & Environmental Justice–St. Louis, Neighborhood Law Office of East St. Louis, the Sierra Club, and the Webster Groves Nature Study Society. This letter also requested a public hearing. The Agency considered the matters raised in the comment letters, declined to hold a public hearing, sent written responses to the organizations that had sent the comment letters, and issued a final permit to U.S. Steel on March 31, 2006.

On May 8, 2006, American Bottom Conservancy (ABC) filed with the Board a third-party petition for review of the permit, properly raising only the issue of whether the Agency had improperly denied the request for a public hearing. After hearing evidence and receiving posthearing briefs, the Board held that the Agency had improperly denied the request for a public hearing and that the Agency's decision not to hold a public hearing invalidated the issued permit. The Board concluded that the Agency's decision not to hold a public hearing prior to the issuance of the U.S. Steel permit violated section 309.115(a) of the Board's regulations (35 Ill. Adm. Code §309.115(a) (1996)). Accordingly, the Board ruled that the permit as issued violated the Environmental Protection Act (415 ILCS 5/1 *et seq.* (West 2006)) and the regulations and was invalid. The Board invalidated the permit solely on the basis that the Agency had erred in failing to hold a public hearing on the proposed permit, and it did not otherwise address any issues relating to the proposed permit.

The Agency and U.S. Steel filed motions for reconsideration, which were denied by the Board. The Agency and U.S. Steel (hereinafter referred to as the appellants) seek the direct administrative review of the Board's decision in this court pursuant to section 41 of the

Environmental Protection Act (Act) (415 ILCS 5/41 (West 2006)) and Illinois Supreme Court Rule 335 (155 Ill. 2d R. 335). We review pursuant to the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2006)). The Board and ABC filed answer briefs, and an *amicus curiae* brief was filed in support of the appellants' position by the Illinois Environmental Regulatory Group, a not-for-profit corporation affiliated with the Illinois State Chamber of Commerce.

We have ordered taken with the case the Agency's motion for leave to cite supplemental authority and the objections thereto of the Board and ABC. We hereby grant the motion to cite supplemental authority.

The appellants argue on appeal that the Board applied the wrong standard of review in determining whether the Agency erred in deciding not to hold a public hearing on the proposed permit. While in its analysis the Board acknowledged, "[T]he Agency has discretion in determining whether or not to hold a public hearing prior to the issuance of an NPDES permit," it also held as follows: "In reviewing the Agency's decision not to hold a public hearing, the Board applies the standard applicable to all reviews of an Agency's permit decision–whether or not the issuance of the permit violated the Act or Board regulations. Thus, the Board does not apply an 'abuse of discretion' standard." The appellants argue that the Board erred as a matter of law in applying a *de novo* standard of review to the Agency's decision not to hold a public hearing instead of reviewing the Agency's decision for an abuse of discretion. We agree and vacate the Board's decision.

Noting that the parties do not agree on the standard of review which this court should apply to its review of the Board's decision, and because the issue presented to us for review concerns the appropriate standard of review applicable by the Board to the Agency's decision not to hold a public hearing, we begin with a general discussion of standards of review. In our view, the determination of the appropriate standard of review turns primarily upon the

3

type of question or issue presented for review. See *Joel R. v. Board of Education of Mannheim School District 83*, 292 Ill. App. 3d 607, 612 (1997). This is equally true when reviewing the decision of an administrative agency. *LaSalle National Bank v. City of Highland Park*, 344 Ill. App. 3d 259, 265-66 (2003).

When we review a lower tribunal's factual determinations, those determinations will not be reversed on appeal unless they are contrary to the manifest weight of the evidence. *Joel R.*, 292 Ill. App. 3d at 613. A factual finding is contrary to the manifest weight of the evidence when, upon a review of all the evidence in the light most favorable to the prevailing party, the opposite conclusion is clearly apparent or the fact finder's finding is palpably erroneous and wholly unwarranted, is clearly the result of passion or prejudice, or appears to be arbitrary and unsubstantiated by the evidence. *Joel R.*, 292 Ill. App. 3d at 613. The manifest-weight-of-the-evidence standard of review applies only to factual determinations of the lower tribunal.

When we review a lower tribunal's exercise of its discretion, the lower tribunal's determination will not be reversed unless that tribunal has clearly abused its discretion. A tribunal abuses its discretion when it makes an arbitrary decision, without using conscientious judgment, or when, in view of all the circumstances, the lower tribunal oversteps the bounds of reason, ignores the law, and thereby causes substantial prejudice. *In re Marriage of Munger*, 339 Ill. App. 3d 1104, 1107 (2003). The question is not whether the reviewing court would have made the same decision if it were the lower tribunal. *In re Marriage of Munger*, 339 Ill. App. 3d at 1107. This standard of review is traditionally used in reviewing decisions made by a trial judge overseeing his courtroom or in maintaining the progress of a trial. *In re D.T.*, 212 Ill. 2d 347, 356 (2004). If a lower tribunal's ruling is a matter of judicial discretion, then it is reviewable only for an abuse of that discretion. *In re D.T.*, 212 Ill. 2d at 356.

Finally, when reviewing a lower tribunal's disposition of a question of law, our review of the lower tribunal's decision is *de novo*. *Arthur v. Catour*, 216 Ill. 2d 72, 78 (2005); *Joel R.*, 292 Ill. App. 3d at 613. This standard of review is completely independent of the lower tribunal's judgment. *Arthur*, 216 Ill. 2d at 78.

Of these standards of review, *de novo* review is the least deferential to the lower tribunal (*Arthur*, 216 Ill. 2d at 78), while the abuse-of-discretion standard is the most deferential to the lower tribunal. *In re D.T.*, 212 Ill. 2d at 356.

The issue presented to us for our review is whether the Board applied the correct standard of review in reviewing the Agency's decision not to hold a public hearing on the proposed permit. The Agency's obligation to hold a public hearing is governed by section 309.115(a) of Title 35 of the Illinois Administrative Code, which provides as follows:

"(1) The Agency shall hold a public hearing on the issuance or denial of the an [*sic*] NPDES Permit or group of permits whenever the Agency determines that there exists a significant degree of public interest in the proposed permit or group of permits (instances of doubt shall be resolved in favor of holding the hearing), to warrant the holding of such a hearing.

(2) Any person, including the applicant, may submit to the Agency a request for a public hearing or a request to be a party at such a hearing to consider the proposed permit or group of permits. Any such request for public hearing shall be filed with [*sic*] the 30-day public comment period and shall indicate the interest of the part [*sic*] filing such a request and the reasons why a hearing is warranted." 35 Ill. Adm. Code §309.115(a) (1996).

The correct interpretation of this regulatory provision is a question of law, which we review *de novo*. *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 144 (2006).

The Board argues that the Act itself provides that this court's review of the Board's

5

decision use the manifest-weight-of-the-evidence standard (415 ILCS 5/41 (West 2006)) and that the Illinois Supreme Court has adopted this standard of review in *Environmental Protection Agency v. Pollution Control Board*, 115 Ill. 2d 65, 70-71 (1986). As we have stated, the manifest-weight-of-the-evidence standard of review applies to factual determinations and is the correct standard of review when the Board invalidates the permit on the basis of facts in evidence. Our review of an administrative agency's findings of fact is performed under a manifest-weight-of-the-evidence standard of review. *Christian County Board of Review v. Property Tax Appeal Board*, 368 Ill. App. 3d 792, 794 (2006). But where the issue before us is whether the Board erred as a matter of law, we review the issue *de novo*. The only issue before us on appeal is whether the Board erred as a matter of law in applying the incorrect standard of review in deciding that the Agency erred in failing to hold a public hearing. This presents a question of law, which we review *de novo*. *Arthur*, 216 Ill. 2d at 78.

Rules and regulations promulgated by the Board have the force and effect of law and will be construed by the same standards used to construe statutes. *Granite City Division of National Steel Co. v. Illinois Pollution Control Board*, 155 Ill. 2d 149, 162 (1993). We give statutory language its plain and ordinary meaning, and where a statute is clear and unambiguous, it must be enforced as written without resort to further aids of statutory construction. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007). This court may not depart from the statute's plain language by reading into it exceptions, limitations, or conditions not expressed therein. *Town & Country Utilities, Inc.*, 225 Ill. 2d at 117.

The unambiguous and plain language of section 309.115(a) vests discretion in the Agency to hold a public hearing *whenever it determines* that there exists a significant degree of public interest in the proposed permit. The regulation does not state that the Agency must

hold a hearing *whenever there is a significant degree of public interest.* It states that the Agency must hold a public hearing whenever *it determines* that there is a significant degree of public interest in the permit. This language can be read no way other than vesting discretion in the Agency to determine when and if there is a significant degree of public interest in a proposed permit. If the Agency determines, in its discretion, that there is a significant degree of public interest in a proposed permit, based on requests for a public hearing that are filed within the public comment period and that indicate the party's interest and why a hearing is warranted, then a public hearing must be held. Indeed, the Board acknowledged this in its order invalidating the permit, when it stated, "[T]he Agency has discretion in determining whether or not to hold a public hearing prior to the issuance of an NPDES permit."

Furthermore, in a case involving language equivalent to that in section 309.115, the appellate court has recognized that the decision of whether to hold a public hearing is a discretionary one to be made by the Agency. *Borg-Warner Corp. v. Mauzy*, 100 Ill. App. 3d 862, 867 (1981). The party requesting the hearing has the burden of showing why it is warranted. *Borg-Warner Corp.*, 100 Ill. App. 3d at 867. As the appellate court stated, "Certainly, Agency action on a decision [whether to hold a public hearing] is reviewable, subject to an abuse of discretion standard, but the availability of review over the determination does not alter the essentially discretionary nature of the determination." *Borg-Warner Corp.*, 100 Ill. App. 3d at 867. That a public hearing on a proposed NPDES permit is discretionary with the Agency was also recognized in *Village of Sauget v. Pollution Control Board*, 207 Ill. App. 3d 974, 981 (1990).

Finally, the Board itself has ruled that it cannot order the Agency to hold a public hearing on an NPDES permit application in the absence of the Agency's abuse of its discretion in failing to hold one. In its own decision in *Marathon Oil Co. v. Illinois*

7

*Environmental Protection Agency*, Illinois Pollution Control Bd. Op. 92-166, opinion & order at 10 (March 31, 1994), the Board held as follows: "Whether an Agency hearing is to be held in an NPDES permit review is discretionary with the Agency ***. Marathon presents no argument that would allow this Board to conclude that the Agency abused this discretion ***." As we have stated, if the decision of a lower tribunal, in this case the Agency, is a matter of discretion, then it is reviewable only for an abuse of that discretion. See *In re D.T.*, 212 Ill. 2d at 356.

Despite this clear grant of discretion to the Agency to determine whether there is sufficient public interest in a proposed permit to warrant a public hearing thereon, the Board did not review the Agency's decision on whether to hold a public hearing to determine whether the Agency had abused its discretion, but the Board reviewed the Agency's decision not to hold the hearing using a *de novo* standard of review. The Board examined the public comment letters received and concluded that they evidenced a significant degree of public interest in the proposed permit. The Board gave no deference to the Agency's decision but reviewed the public comments independently and made its own determination that there was significant public interest to warrant a public hearing.

The Board argues that it need not give deference to the Agency's decision on whether to issue the permit because the procedures before the Agency do not include hearing requirements and have none of the characteristics of an adversary proceeding. While this may be true with regard to factual or evidentiary issues before the Agency, it is not true where the Agency's determination is discretionary and relates to a procedural issue, as in the case at bar. Where the regulation clearly grants the Agency discretion to determine when a public hearing is required, its determination in this regard must be reviewed only for an abuse of that discretion. *In re D.T.*, 212 Ill. 2d at 356.

Under the Act, the Board has the power to invalidate a permit that violates the Act or

8

regulations promulgated thereunder. *Prairie Rivers Network v. Illinois Pollution Control Board*, 335 Ill. App. 3d 391, 401 (2002). Section 309.115(a) of the regulations gives the Agency discretion to determine when to hold a public hearing. Therefore, a permit that is issued without a public hearing violates section 309.115(a)–and is invalid–only when the Agency abuses its discretion in deciding not to hold a hearing. But if the Agency properly exercises its discretion, then the permit does not violate section 309.115(a), even if the Board might have made a different decision in the first instance.

The Board erred as a matter of law in applying the incorrect standard of review to the Agency's decision not to hold a public hearing. Accordingly, we vacate the final order of the Board invalidating the NPDES permit issued to U.S. Steel and remand this cause to the Board for review using the correct standard of review. In determining whether the permit as issued violates the Act or regulations because the Agency did not hold a public hearing, the Board must use an abuse-of-discretion standard. It must review the Agency's decision not to hold a public hearing to determine whether the agency made an arbitrary decision, without using conscientious judgment, or if, in view of all the circumstances, the Agency overstepped the bounds of reason, ignored the law, and thereby caused substantial prejudice. *In re Marriage of Munger*, 339 Ill. App. 3d 1104, 1107 (2003). Only if the Agency abused its discretion in failing to hold a public hearing would the permit as issued violate the Act or regulations.

For the foregoing reasons, the final order of the Board is vacated, and this cause is remanded to the Board for further proceedings not inconsistent with this opinion.


Motion granted; order vacated; cause remanded.


SPOMER and WEXSTTEN, JJ., concur.

9

NO. 5-07-0285

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>UNITED STATES STEEL CORPORATION,</td><td>)</td><td>Petition on Review of the Order</td></tr>
<tr><td></td><td>)</td><td>of the Illinois Pollution Control</td></tr>
<tr><td>Petitioner,</td><td>)</td><td>Board.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>PCB 06-171</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>ILLINOIS POLLUTION CONTROL BOARD,</td><td>)</td><td></td></tr>
<tr><td>ILLINOIS ENVIRONMENTAL</td><td>)</td><td></td></tr>
<tr><td>PROTECTION AGENCY, and AMERICAN</td><td>)</td><td></td></tr>
<tr><td>BOTTOM CONSERVANCY,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Respondents.</td><td>)</td><td></td></tr>
</table>

**Opinion Filed**: July 22, 2008

**Justices**: Honorable Thomas M. Welch, J.

Honorable Stephen L. Spomer, J., and
Honorable James M. Wexstten, J.,
Concur

**Attorneys for Appellants**
David T. Ballard, Carolyn S. Hesse, Barnes & Thornburg, LLP, One North Wacker Drive, Suite 4400, Chicago, IL 60606 (for United States Steel Corp.); Lisa Madigan, Attorney General, State of Illinois, Rachel Hoover, Assistant Attorney General, 100 West Randolph Street, 12th Floor, Chicago, IL 60601 (for Illinois Environmental Protection Agency)

**Attorneys for Appellees**
Marie E. Tipsord, Special Assistant Attorney General, Illinois Pollution Control Board, 100 West Randolph, Suite 11-500, Chicago, IL 60601 (for Illinois Pollution Control Board); Maxine I. Lipeles, Megan A. Wright, Elizabeth J. Hubertz, Heather B. Navarro, Washington University School of Law, Interdisciplinary Environmental Clinic, One Brookings Drive, Campus Box 1120, St. Louis, MO 63130 (for American Bottom Conservancy); Katherine D. Hodge, Gale W. Newton, Hodge, Dwyer, Zeman, 3150 Roland Avenue, P.O. Box 5776, Springfield, IL 62705-5776 (*Amicus Curiae* brief for Illinois Environmental Regulatory Group)