NOTICE
This Order was filed under
Supreme Court Rule 23 and is not
precedent except in the limited
circumstances allowed under
Rule 23(e)(1).

2021 IL App (4th) 190086-U

NOS. 4-19-0086, 4-19-0825 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 26, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| JOHN L. CHANCE, | ) | Nos. 14CF60 |
| Defendant-Appellant. | ) | 14CF131 |
| | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

---

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) The trial court erred in dismissing defendant's petition for relief from judgment on the basis of the petition's untimeliness when the State never filed a responsive pleading. However, the error was harmless, as the petition was without merit.

(2) The trial court did not err by dismissing defendant's petition for postconviction relief based on timeliness.

¶ 2    Defendant, John L. Chance, appeals from the trial court's *sua sponte* dismissal of his petition for relief from judgment in Woodford County case No. 14-CF-60 and his postconviction petition in Woodford County case No. 14-CF-131. Both dismissals were based on the untimeliness of each corresponding petition. We have consolidated the appeals. Because (1) defendant's petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) was legally insufficient and (2) postconviction counsel did not render unreasonable assistance, we affirm the trial court's judgments.

¶ 3                                              I. BACKGROUND

¶ 4            In a September 2014 combined hearing, defendant pleaded guilty to four counts of dissemination of child pornography (720 ILCS 5/11-20.1(a)(2) (West 2014)) in case No. 14-CF-60 and one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)) in case No. 14-CF-131. The trial court sentenced defendant in accordance with the plea agreements to consecutive terms of 10 years' imprisonment on each count in case No. 14-CF-60 and a 20-year prison term in case No. 14-CF-131 to be served consecutively to those terms in case No. 14-CF-60.

¶ 5            In December 2018, in each case, defendant filed the same petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)), serving a copy of each to the State. He alleged his sentences were "constitutionally invalid based on new caselaw, see *People v. Coty*, 2018 IL App (1st) 162383." In *Coty*, the First District held that a *de facto* life sentence of an intellectually disabled adult should be evaluated under the same standards as that of a minor. *Coty*, 2018 IL App (1st) 162383, ¶ 69.

¶ 6            On January 23, 2019, the trial court entered identical orders in each case, dismissing the section 2-1401 petitions as untimely. The court noted defendant had not alleged he was under any legal disability or duress or that the grounds for relief had been fraudulently concealed from him. Because the petitions were filed more than two years after the entry of the judgments, the court *sua sponte* dismissed them. On February 11, 2019, defendant filed a notice of appeal in case No. 14-CF-60. This court docketed the appeal as case No. 04-19-0086.

¶ 7            Meanwhile, on May 2, 2019, in case No. 14-CF-131, defendant filed a *pro se* postconviction petition claiming his plea counsel rendered ineffective assistance and one of his convictions was void *ab initio*. The trial court appointed counsel to represent defendant.

¶ 8        The State filed a motion to dismiss, claiming the petition was untimely. The State noted defendant had not filed a direct appeal and therefore, pursuant to section 122-1(c) of the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1(c) (West 2018)), he had three years from the date of conviction, or until September 4, 2017, to request postconviction relief absent the allegation of facts showing the delay was not due to his culpable negligence.

¶ 9        At an October 16, 2019, hearing, the trial court considered the State's motion to dismiss. Defendant's counsel, Andrew Lankton, informed the court he had intended to file a response to the State's motion to dismiss but, after speaking with defendant, he realized there were no facts he could allege in response. During his argument, Lankton said that defendant "would have had three years unless he was able to allege facts showing the delay was not due to his culpable negligence. And that is what I—the court gave me time to inquire. I have not found any reason, nor has [defendant] alleged any at this point. And, unfortunately, that means that [the State's] motion is well-founded." The court granted the State's motion and dismissed defendant's postconviction petition as untimely. The court noted Lankton's certificate filed pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). On November 14, 2019, defendant filed a notice of appeal in case No. 14-CF-131. This court docketed the appeal as case No. 04-19-0825.

¶ 10        Upon defendant's motion, this court consolidated his appeals, and these consolidated appeals followed.

¶ 11                                II. ANALYSIS

¶ 12                        A. Dismissal of Section 2-1401 Petition
                    (Trial Court Case No. 14-CF-60; Appeal No. 4-19-0086)

¶ 13        Defendant claims the trial court erred in dismissing his petition *sua sponte* on the basis of untimeliness when that issue was never raised before the court. We review the court's dismissal of a section 2-1401 petition *de novo. People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 14    Section 2-1401 of the Code of Civil Procedure "provides a statutory procedure permitting vacatur of final judgments and orders after 30 days from their entry." *People v. Coleman*, 206 Ill. 2d 261, 288 (2002) (citing 735 ILCS 5/2-1401(a) (West 1998)). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. However, the statute does not provide a defendant an indefinite opportunity to challenge the trial court's judgment. "A section 2-1401 petition filed more than two years after the challenged judgment cannot be considered absent a clear showing that the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed." *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003). That is, the petition cannot be considered beyond two years but only if the State raises timeliness of the petition as an affirmative defense. *Id.*

¶ 15    Trial courts have the power to *sua sponte* dismiss section 2-1401 petitions. *Vincent*, 226 Ill. 2d at 9-10. However, a court may not do so (1) prior to the expiration of the 30-day period during which the State may answer the petition or file some other pleading (*People v. Laugharn*, 233 Ill. 2d 318, 323 (2009)) or (2) on the basis of the untimeliness of the petition (*People v. Cathey*, 2019 IL App (1st) 153118, ¶ 18).

¶ 16    We agree with the First District's analysis as stated in *Cathey*:

> "When the State does not answer a petition, its failure to respond constitutes an admission of all well-pleaded facts and that no triable issue of fact exists. [Citation.] Thus, the trial court can *sua sponte* dismiss a section 2-1401 petition where the only issue before the court is whether defendant is entitled to relief as a matter of law. Application of the limitations period, however, requires a court to

- 4 -

make fact determinations because exceptions are allowed for delays attributable to disability, duress, or fraudulent concealment. [Citations.] Furthermore, where the State forfeits the timeliness defense by not answering the petition, defendant has no opportunity to amend his petition to allege facts showing a potential factual dispute. In this context, dismissal of defendant's petition on the pleadings as a matter of law would be improper." *Cathey*, 2019 IL App (1st) 153118, ¶ 18 (citing *Vincent*, 226 Ill. 2d at 9-10, and *Pinkonsly*, 207 Ill. 2d at 563-64).

See also *People v. Berrios*, 387 Ill. App. 3d 1061, 1063 (2009) ("the two-year period contained in section 2-1401 is a statute of limitation and not a jurisdiction prerequisite. [Citation.] As such, the State must assert the time limitation as an affirmative defense; the trial court may not, *sua sponte*, dismiss the petition on the basis of timeliness"); *People v. Malloy*, 374 Ill. App. 3d 820, 823 (2007) ("If the trial court dismisses a petition for relief from judgment, on its own motion, on the basis of timeliness, that dismissal is erroneous.").

¶ 17 That is, the timeliness of a section 2-1401 petition involves a fact-driven analysis. If all well-pleaded facts are taken as true, which is so when the State does not file a response, then the timeliness of the petition goes unchallenged. At that point, the court has no basis to consider the reasons for a defendant's delay in filing. See *Pinkonsly*, 207 Ill. 2d at 564. The court may then only review the petition for a potential dismissal based on whether, as a matter of law, the petition states a cause of action. This causes no prejudice to defendant.

¶ 18 In this case, defendant pleaded guilty and was sentenced in September 2014. He filed his petition in December 2018, well beyond the two-year limitation period. The trial court allowed the 30-day response period to lapse without input from the State before dismissing the petition as untimely. In its order, the court wrote: "The defendant has not stated that he is under

any legal disability or duress or that the ground for relief was fraudulently concealed from him. The defendant's petition is therefore not filed within the two-year period required for filing such a petition. Therefore, the defendant's petition pursuant to [s]ection 2-1401 is dismissed."

¶ 19    Based on the above authorities, we conclude the trial court erred in *sua sponte* dismissing defendant's petition as untimely. However, our analysis does not end there. Because this court can affirm the trial court's dismissal on any basis supported by the record, we are free to review the propriety of the court's dismissal, albeit on different grounds. See *United States Steel Corp. v. Illinois Pollution Control Board*, 384 Ill. App. 3d 457, 461 (2008) (because our review is *de novo*, our disposition is without regard to the trial court's reasoning).

¶ 20    *Vincent* emphasized section 2-1401 petitions are governed by the rules of civil procedure and as a result, complaints may be dismissed absent a responsive pleading. See *Vincent*, 226 Ill. 2d at 8, 10. In his petition, defendant alleged his "sentence is constitutionally invalid based on new caselaw *** involving adults with intellectual disabilities as apply to petitioner." The case to which defendant referred was *Coty*, 2018 IL App (1st) 162383, decided on August 8, 2018. There, the First District held that adults with mental disabilities should be treated similarly to minors regarding the constitutionality of *de facto* life sentences. *Id.* ¶ 69. However, the legal ground defendant relied upon is no longer valid. The supreme court reversed the First District's decision. See *People v. Coty*, 2020 IL 123972, ¶ 44. Thus, defendant's petition is legally insufficient, is without merit, and was rightfully dismissed.

¶ 21    Also, in the appeal of this case, defendant encourages this court to allow the Office of the State Appellate Defender (OSAD) to continue its representation of defendant despite recent caselaw questioning the appointment of OSAD on appeals related to civil petitions for relief from judgment in criminal cases. However, our holding in this case, which affirms the trial court's

dismissal, renders defendant's request moot. To the extent defendant's argument invites us to speculate or advise the parties as to future litigation, we decline. See *In re Luis R.*, 239 Ill. 2d 295, 306 (2010) ("It is well settled that Illinois courts cannot pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." (Internal quotation marks omitted.)).

¶ 22                    B. Reasonable Assistance of Postconviction Counsel
                  (Trial Court Case No. 14-CF-131; Appeal No. 4-19-0825)

¶ 23        Defendant claims his postconviction counsel rendered unreasonable assistance when he conceded to the dismissal of defendant's petition on timeliness grounds. Defendant argues counsel should have amended the petition to allege "any available facts necessary to establish defendant's delay was not due to his culpable negligence" or withdrawn from representation.

¶ 24        There is no constitutional right to the assistance of counsel in postconviction proceedings. *People v. Johnson*, 154 Ill. 2d 227, 237 (1993). The Postconviction Act (725 ILCS 5/122-1 to 122-7 (West 2018)) explicitly provides for appointment of counsel at the second stage of postconviction proceedings for an indigent defendant who wished counsel to be appointed. 725 ILCS 5/122-4 (West 2018). This right to counsel is wholly statutory, entitling a defendant only to the level of assistance mandated by the Postconviction Act. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). The Postconviction Act expects appointed counsel to provide reasonable assistance and to present the claims of defendant adequately. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007).

¶ 25        Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) ensures appointed counsel meets those expectations, requiring appointed counsel to "consult with the petitioner to ascertain his contentions, examine the record of the trial proceedings, and make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's complaints." *People v. Nelson*, 2016 IL App (4th) 140168, ¶ 25. The rule states a certificate filed by appointed counsel

may show appointed counsel complied with these requirements. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). See also *People v. Perkins*, 229 Ill. 2d 34, 50 (2007). That is, the certificate creates a rebuttable presumption appointed counsel provided reasonable assistance. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. The burden is on the defendant to overcome this presumption by demonstrating that postconviction counsel failed to substantially comply with the duties imposed by Rule 651(c). *Id.* The presumption of compliance may be rebutted by the record. *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007).

¶ 26        "Postconviction proceedings may not be commenced outside the time limitation period in the [Postconviction] Act unless the defendant alleges sufficient facts to show the delay in filing was not due to the defendant's culpable negligence." *People v. Lander*, 215 Ill. 2d 577, 586 (2005). The obligation of compliance with the time limitations in the filing of a postconviction petition remains with the defendant. *Id.* at 588-89. The *pro se* petition, however, need not include allegations as to the issue of timeliness or set forth reasons for the delay as these matters are not relevant at the first stage. *Perkins*, 229 Ill. 2d at 48. That is, the State cannot seek dismissal of the petition as untimely at the first stage. *Perkins*, 229 Ill. 2d at 42.

¶ 27        Under the Postconviction Act, defendant was required to file his petition by September 4, 2017, given he did not file a direct appeal. See 725 ILCS 5/122-1(c) (West 2016) (if defendant does not file a direct appeal, the petition must be filed within three years from the date of conviction, unless he alleges facts showing the delay was not due to his culpable negligence).

¶ 28        We review postconviction counsel's compliance with Rule 651(c) *de novo*, the same standard by which we review a second-stage dismissal of a postconviction petition. *Jones*, 2011 IL App (1st) 092529, ¶ 19.

¶ 29        In support of his contention that he received unreasonable assistance of postconviction counsel, defendant relies upon *Perkins*. In *Perkins*, our supreme court interpreted the provisions of Rule 651(c) and held the adequate and proper representation requirements of Rule 651(c) "necessarily includes [the responsibilities for] attempting to overcome procedural bars, including timeliness ***." *Perkins*, 229 Ill. 2d at 44. The court described this duty of postconviction counsel as follows:

> "[W]e hold that Rule 651(c) requires counsel to amend an untimely *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence. In discharging this duty, counsel must inquire of the petitioner whether there is any excuse for the delay in filing. As a practical matter, any potential excuse for the late filing will often be discovered by speaking with the petitioner. Counsel must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present petitioner's claims. See *People v. Davis*, 156 Ill. 2d 149, 164 (1993) (under Rule 651(c), counsel is required to review those portions of the record necessary to present and support the claims raised by the petitioner in the *pro se* petition)." *Perkins*, 229 Ill. 2d at 49-50.

Thus, when faced with an untimely petition, postconviction counsel must inquire of defendant whether there is an excuse for the delay, review the record for facts which may support an excuse, and amend the postconviction petition to allege available facts necessary to demonstrate that defendant was not culpably negligent. *Perkins*, 229 Ill. 2d at 49-50.

¶ 30        Postconviction counsel in *Perkins*, like counsel here, filed a Rule 651(c) certificate that did not address the late filing, and counsel did not file an amended petition in response to the

State's motion to dismiss the petition as untimely. *Perkins*, 229 Ill. 2d at 38-39. Nonetheless, the supreme court in *Perkins* concluded postconviction counsel had fulfilled his duties under Rule 651(c) because during the hearing on the State's motion to dismiss, counsel "in effect" presented the defendant's lack of culpable negligence by asserting that the claims raised in the postconviction petition did not exist until the appellate court vacated two of defendant's convictions. *Perkins*, 229 Ill. 2d at 51. The supreme court recognized that postconviction counsel's argument may not have been particularly compelling, but this factor did not demonstrate that another reason could have been raised which would explain the late filing. *Perkins*, 229 Ill. 2d at 51.

¶ 31        Here, postconviction counsel filed a Rule 651(c) certificate, giving rise to the rebuttable presumption that he performed the duties required of him under that rule. See *People v. Profit*, 2012 IL App (1st) 101307, ¶ 23. However, the certificate did not address the timeliness issue. Further, postconviction counsel did not file a responsive pleading or an amended postconviction petition in response to the State's motion to dismiss the petition as untimely.

¶ 32        Nevertheless, like counsel in *Perkins*, postconviction counsel here told the trial court at the hearing on the State's motion to dismiss that he "communicated with [defendant] in person." He explained that defendant "had three years [to file] unless he was able to allege facts showing the delay was not due to his culpable negligence. And that is what [he]—the court gave [him] time to inquire. [He had] not found any reason, nor has [defendant] alleged any at this point. And, unfortunately, that means that [the State's] motion is well founded."

¶ 33        As the supreme court found in *Perkins*, we likewise find here. Postconviction counsel fulfilled his duties under Rule 651(c) because he filed a certificate demonstrating compliance and, during the hearing, he explained that, after speaking with defendant, neither he nor defendant could allege any facts to explain the late filing. In his briefs, defendant does not

assert any additional facts that could have shown a lack of culpable negligence. Thus, he cannot rebut the presumption that counsel performed the duties required of him given the facts and circumstances, or lack thereof, before him. We do not find unreasonable assistance of postconviction counsel.

¶ 34                                    III. CONCLUSION

¶ 35           For the foregoing reasons, we affirm the circuit court's judgments.

¶ 36           Affirmed.