NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240005-U

NO. 4-24-0005

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 13, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| CHRISTOPHER L. PARKER, | ) | No. 07CF176 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Doherty and Grischow concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed the trial court's denial of defendant's petition for relief from judgment, holding that the petition failed to state a meritorious claim and was deficient as a matter of law.

¶ 2   Defendant, Christopher L. Parker, appeals the denial of his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). Defendant argues the trial court improperly denied his section 2-1401 petition as untimely where the State did not raise the issue of timeliness and the petition raised a voidness claim. The State does not dispute that untimeliness was not a proper basis for denial of the petition but argues that the court's judgment should be affirmed on other grounds. We affirm.

¶ 3                    I. BACKGROUND

¶ 4   In January 2008, defendant pleaded guilty to criminal sexual assault (720 ILCS

5/12-13(a)(2) (West 2006)). He was subsequently sentenced to five years and three months' imprisonment with a term of mandatory supervised release (MSR) of two years. In September 2008, defendant filed a *pro se* postconviction petition, which was dismissed.

¶ 5 In February 2009, defendant, *pro se*, filed a successive postconviction petition, in which he claimed his guilty plea was involuntary where he was admonished at the plea hearing that he would receive a two-year term of MSR, but his prison records showed he actually received an MSR term of three years to life. The trial court granted defendant's request to withdraw his guilty plea. In June 2009, defendant pleaded guilty to one count of criminal sexual assault pursuant to a negotiated plea agreement, and the court sentenced him to five years and three months' imprisonment with an MSR term of three years to life. Defendant's indeterminate MSR term has not yet terminated, and he was allegedly reincarcerated several times for violating the conditions of his MSR.

¶ 6 Defendant, *pro se*, has filed numerous petitions related to these periods of reincarceration, including petitions for *habeas corpus* relief, petitions for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)), and a motion for leave to file a successive postconviction petition. Relevant to this appeal, on June 30, 2023, defendant filed a *pro se* petition for *habeas corpus* relief, which the trial court denied on July 11, 2023.

¶ 7 Also, on September 8, 2023, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)). The petition alleged that it was not untimely because the judgment was based on a facially unconstitutional statute and was void *ab initio*. Specifically, defendant argued that a statutory scheme composed of three statutory provisions—sections 5-8-1(d)(4), 3-3-9(a)(3)(i)(C), and 3-14-2.5(e) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-1(d)(4), 3-3-9(a)(3)(i)(C), 3-14-2.5(e)

(West 2022))—"facially inflict[ed] cruel and unusual punishment upon anyone they are applied to in violation of the Eighth *** Amendment." Pursuant to these statutes, individuals convicted of certain sex offenses, including criminal sexual assault, must serve indeterminate terms of MSR ranging from a minimum of three years to a maximum of natural life. 730 ILCS 5/5-8-1(d)(4) (West 2022). If these individuals violate certain conditions of their MSR, the Prisoner Review Board may revoke MSR and may reincarcerate them for up to two years. *Id.* § 3-3-9(a)(3)(i)(C). MSR is tolled during these periods of reconfinement. *Id.* § 3-14-2.5(e).

¶ 8        Defendant's section 2-1401 petition asserted the three statutes at issue created a statutory scheme that inflicted cruel and unusual punishment in violation of the eighth amendment because it created "DEADTIME," which defendant defined as "a period of incarceration that is not part of the Court imposed sentence of imprisonment and does not count toward the term of MSR." The petition stated that defendant had been "forced to endure [p]rolonged incarceration in violation of the Eighth Amendment from November 2012 until May 2015, from November 2015 until May 2019, from July 2019 until July 2021 and from July 2022 to date." The petition also stated defendant had only been sentenced to 5 years and 3 months in prison but had spent over 15 years in prison without having ever been charged with another felony. The petition requested that the trial court declare that the statutory scheme at issue "facially inflict[ed] cruel and unusual punishment upon anyone [it is] applied to in [violation] of the Eighth United States Constitutional Amendment."

¶ 9        On October 26, 2023, the trial court entered an order denying the section 2-1401 petition. The order stated:

> "Petition fails to specifically identify the judgment to which relief is sought. Court
> notes Petitioner is raising statutory challenges, similar to those issues plead[ed] in

his Petition for Mandamus in 23 MR 17. Court notes that relief under [section] 2-1401 [of the Code] is untimely. Therefore, Petition for Relief from Judgment is denied."

¶ 10 Defendant appealed the denials of his June 2023 petition for *habeas corpus* relief and his September 2023 section 2-1401 petition. The Office of the State Appellate Defender (OSAD) was appointed to represent him in both matters, which proceeded in the same appellate case. OSAD filed a motion to withdraw, asserting it was not authorized to represent defendant on appeal from the denial of his motion for *habeas corpus* relief and that there was no arguably meritorious issue that it could raise on appeal with respect to the section 2-1401 petition. Specifically, OSAD asserted that the trial court had properly denied the section 2-1401 petition on the basis that it was untimely because it was filed more than two years after the entry of the judgment being challenged, failed to assert that defendant was under any legal disability or duress that would excuse the late filing or that the grounds for relief were fraudulently concealed, and failed to allege a claim of voidness. OSAD did not discuss the merits of the underlying claim raised in the section 2-1401 petition in its motion to withdraw.

¶ 11 On September 25, 2024, we entered a motion allowing in part and denying in part OSAD's motion to withdraw. We granted OSAD's motion to withdraw from the portion of the appeal relating to the *habeas corpus* petition and directed the clerk to assign a new case number to defendant's appeal from the denial of that petition. We denied OSAD's motion to withdraw from representing defendant on appeal from the denial of his section 2-1401 petition. We noted that, contrary to OSAD's assertions in its motion to withdraw, a trial court may not *sua sponte* dismiss a section 2-1401 petition as untimely and the petition in this case alleged a claim that the judgment was based on a facially unconstitutional statute and thus void *ab initio*. We directed

- 4 -

OSAD to either file a brief or a motion setting forth a different basis to withdraw. This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13          On appeal, defendant argues that the trial court erred by denying his section 2-1401 petition as untimely. Specifically, defendant contends that the court may not *sua sponte* dismiss a section 2-1401 petition as untimely and that the timeliness requirements in section 2-1401 of the Code were inapplicable because defendant raised a claim that the underlying judgment was based on a statutory scheme that was facially unconstitutional and thus void *ab initio*. In its brief, the State concedes that "it is generally improper to dismiss a [section] 2-1401 petition as untimely before the State has responded to the defendant's petition." However, the State argues that the court's denial of the petition may be affirmed on other grounds.

¶ 14          "Section 2-1401 of the Code constitutes a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *People v. Thompson*, 2015 IL 118151, ¶ 28. "As a general rule, petitions brought pursuant to section 2-1401, to be legally sufficient, must be filed within two years of the order or judgment, the petitioner must allege a meritorious defense to the original action, and the petitioner must show that the petition was brought with due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). The two-year limitation period is tolled at times "during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed." 735 ILCS 5/2-1401(c) (West 2022). However, a section 2-1401 petition raising a voidness claim (that is, a claim that the court that entered the judgment lacked jurisdiction or that the judgment was based on a facially unconstitutional statute) are not required to be filed within the two-year period and need not allege a meritorious defense or due diligence.

*Sarkissian*, 201 Ill. 2d at 104; *Thompson*, 2015 IL 118151, ¶¶ 31-32.

¶ 15     When the State fails to respond to a section 2-1401 petition within the 30-day response period, the lack of response is treated as an admission of all well-pleaded facts in the petition and renders the petition ripe for adjudication. *People v. Vincent*, 226 Ill. 2d 1, 9-10 (2007); *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). The lack of response makes the issue for the trial court a question of whether the allegations in the petition entitle the defendant to relief as a matter of law. *Vincent*, 226 Ill. 2d at 10. In such circumstances, the trial court may enter judgment on the pleadings or dismiss the petition for failing to state a cause of action if the petition is insufficient as a matter of law. *Id.*

¶ 16     However, "the trial court cannot *sua sponte* dismiss a section 2-1401 petition based on untimeliness if that issue was never raised before the court." *People v. Cathey*, 2019 IL App (1st) 153118, ¶ 18. "Rather, timeliness under section 2-1401 is an affirmative defense that a responding party may waive or forfeit by failing to raise the issue." *Id.* ¶ 16; see *People v. Berrios*, 387 Ill. App. 3d 1061, 1063 (2009) ("[T]he two-year period contained in section 2–1401 is a statute of limitation and not a jurisdiction prerequisite. [Citation.] As such, the State must assert the time limitation as an affirmative defense; the trial court may not, *sua sponte*, dismiss the petition on the basis of timeliness.").

¶ 17     We agree with defendant that the trial court's denial of the section 2-1401 petition on the basis of untimeliness was improper. The State failed to raise the affirmative defense of untimeliness in the trial court, and, accordingly, it was improper for the trial court to *sua sponte* deny the petition on this basis. See *Cathey*, 2019 IL App (1st) 153118, ¶¶ 16-18. Moreover, the section 2-1401 petition alleged that the judgment was based on a facially unconstitutional statutory scheme that was void *ab initio*, and such a claim is not subject to the typical two-year

time limitation. See *Sarkissian*, 201 Ill. 2d at 104. The State does not contest that untimeliness was an improper basis for denying the section 2-1401 petition.

¶ 18          The parties disagree as to whether the trial court's erroneous reliance on untimeliness as a basis for denying the petition warrants reversal in this case. The State asserts that we may affirm the court's judgment on any basis supported by the record and argues that the denial of the petition should be affirmed on other grounds. See *People v. Brown*, 2017 IL App (1st) 142877, ¶ 39. Defendant argues, relying on *Cathey* and *People v. Boclair*, 202 Ill. 2d 90 (2002), that the court's erroneous denial of the petition on the basis of untimeliness warrants reversal and remand regardless of the merits of the petition. We agree with the State, as we find neither *Cathey* nor *Boclair* support remanding the matter without considering the merits of the claim raised in the petition.

¶ 19          While the *Cathey* court reversed the dismissal of the defendant's section 2-1401 petition and remanded the matter for further proceedings, it did not do so based solely on the trial court's reliance on untimeliness without considering the underlying merits of the petition. See *Cathey*, 2019 IL App (1st) 153118, ¶ 28. Rather, after addressing the issue of timeliness as a basis of the dismissal of the petition, the *Cathey* court noted that the trial court also found the underlying claim in the petition to lack merit and considered the propriety of that ruling. *Id.* ¶¶ 20-28. After considering the merits of the claim raised in the petition, the *Cathy* court found the petition sufficiently alleged a meritorious claim but that a question of fact existed as to whether defendant presented the claim with due diligence. *Id.* ¶¶ 27-28. The *Cathey* court remanded the matter for an evidentiary hearing on the issue of the defendant's due diligence. *Id.*

¶ 20          We also reject defendant's reliance on *Boclair*, as we find it to be distinguishable. In that case, the supreme court held that a trial court may not summarily dismiss a postconviction

petition as untimely at the first stage of postconviction proceedings and that a summary dismissal on the basis of untimeliness warranted reversal and remand for further proceedings. *Boclair*, 202 Ill. 2d at 114. In so holding, the court expressly declined to comment on the sufficiency of the allegations in the postconviction petition. *Id.* The *Boclair* court noted that section 122-2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1(a)(2) (West 2000)) stated that postconviction petitions could only be summarily dismissed at the first stage if the trial court found them to be frivolous or patently without merit. *Id.* at 100-01. The court also stated that the time limitations in the Act should be considered an affirmative defense that could be raised, waived, or forfeited by the State at the second stage of proceedings, as the State does not participate at the first stage. *Id.* at 101.

¶ 21 This case, unlike *Boclair*, does not involve the summary dismissal stage of postconviction proceedings, where, pursuant to statute, the State is not permitted to participate, the trial court is to independently review the postconviction petition, and the only question before the trial court is the preliminary determination of whether the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022); *Boclair*, 202 Ill. 2d at 100-01. Here, the State was permitted to respond to the defendant's section 2-1401 petition but failed to do so within 30 days, resulting in the waiver or forfeiture of the affirmative defense of untimeliness and rendering the petition ripe for adjudication on the merits. *Vincent*, 226 Ill. 2d at 9-10; *Cathey*, 2019 IL App (1st) 153118, ¶ 16.

¶ 22 Accordingly, we will consider the State's argument that the trial court's judgment may be affirmed for reasons other than untimeliness. See *Brown*, 2017 IL App (1st) 142877, ¶ 39 ("[A] reviewing court may affirm on any grounds in the record, regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct." (Internal

quotation marks omitted.)); see also *People v. Chance*, 2021 IL App (4th) 190086-U, ¶ 19 (holding that although the trial court erred by dismissing the defendant's section 2-1401 petition as untimely, the appellate court could review the propriety of the court's dismissal on different grounds).

¶ 23        The State argues that the trial court's order denying the section 2-1401 petition also contained other bases upon which it denied the petition—namely, that the petition failed to identify the judgment as to which relief was sought and that its allegations were similar to those raised in a petition for *mandamus* filed in a separate case. The State argues that defendant has forfeited any claim of error as to those grounds for denying the petition by failing to challenge them in his brief. While the court did not address the merits of the section 2-1401 petition, the State also argues that the denial of the section 2-1401 petition could be affirmed on the basis that the facial constitutional challenge alleged in the petition lacked merit. For the reasons that follow, we agree with the State that the denial of the petition may be affirmed on the basis that the allegations in the petition were insufficient as a matter of law.

¶ 24        In his section 2-1401 petition, defendant argued that the statutory scheme comprised of sections 5-8-1(d)(4), 3-3-9(a)(3)(i)(C), and 3-14-2.5(e) of the Unified Code (730 ILCS 5/5-8-1(d)(4), 3-3-9(a)(3)(i)(C), 3-14-2.5(e) (West 2022)) was facially unconstitutional in violation of the eighth amendment because it created "dead time," and, accordingly, it "inflict[ed] cruel and unusual punishment upon anyone [it was] applied to."

¶ 25        "Statutes are presumed constitutional, and to rebut that presumption, the party challenging a statute's constitutionality has the burden of establishing a clear violation." *People v. Bochenek*, 2021 IL 125889, ¶ 10. "A statute will be deemed facially unconstitutional only if there is no set of circumstances under which the statute would be valid." *Id.* We must construe a

statute in a way that preserves its constitutionality if it is reasonably possible to do so. *Id.*

¶ 26        The eighth amendment to the United States Constitution prohibits "cruel and unusual punishments." U.S. Const., amend. VIII. "That prohibition includes not only inherently barbaric penalties but also disproportionate ones." *People v. Lusby*, 2020 IL 124046, ¶ 32. "The eighth amendment's ban of excessive punishment flows from the basic precept that criminal punishment should be graduated and proportioned both to the offender and the offense." *People v. Buffer*, 2019 IL 122327, ¶ 15.

¶ 27        Section 5-8-1-(d)(4) of the Unified Code (730 ILCS 5/5-8-1(d)(4) (West 2022)) provides that for defendants who commit certain sex offenses, including criminal sexual assault, "the term of [MSR] shall range from a minimum of 3 years to a maximum of the natural life of the defendant." Such an MSR term may be terminated pursuant to section 3-3-8(b) of the Unified Code (*id*. § 3-3-8(b)) if the Prisoner Review Board determines that the defendant is "likely to remain at liberty without committing another offense." See *id*. §§ 5-8-1(d)(4), 3-14-2.5(d). Section 3-14-2.5(e) of the Unified Code (*id.* § 3-14-2.5(e)) provides that an indeterminate term of MSR imposed pursuant to section 5-8-1(d)(4) "shall toll during any period of incarceration."

¶ 28        Here, the allegations in defendant's section 2-1401 petition do not establish that the tolling of indeterminate MSR terms during periods of imprisonment for MSR violations constitutes cruel and unusual punishment in violation of the eighth amendment in all circumstances. The petition does not assert that indeterminate terms of MSR imposed under section 5-8-1(d)(4) of the Unified Code (*id.* § 5-8-1(d)(4)), standing alone, violate the eighth amendment. Accordingly, in evaluating defendant's claim, we assume that these indeterminate MSR terms of three years to life are constitutionally permissible.

¶ 29        The indeterminate MSR terms at issue may extend as long as an individual's

natural life (*id.*) and do not end until the Prisoner Review Board determines that the individual is "likely to remain at liberty without committing another offense" (*id.* § 3-3-8; see *id.* §§ 5-8-1(d)(4), 3-14-2.5(d)). Thus, unlike the determinate MSR terms imposed for other offenses, the indeterminate MSR terms at issue could not necessarily be satisfied after a certain number of months or years in prison following an MSR violation. Accordingly, the only practical effect of the tolling provision in section 3-14-2.5(e) of the Unified Code (*id.* § 3-14-2.5(e)) is that individuals sentenced to indeterminate MSR terms are not eligible for termination of MSR until they have served at least three years of MSR outside of prison.

¶ 30        This requirement does not result in a cruel, unusual, or disproportionate punishment in circumstances where a defendant is reconfined after willfully violating conditions of MSR by, for example, refusing to report to an agent of the Illinois Department of Corrections, complete sex offender treatment, or wear an electronic monitoring device after being ordered to do so (see 730 ILCS 5/3-3-7(a)(3), (a)(7.5), (a)(7.7), (a)(7.12) (West 2022)). In such a situation, the individual's failure to comply with the terms of MSR indicates a lack of rehabilitation and a risk to reoffend, which was what the legislature sought to address with indeterminate MSR terms. See *People v. Rinehart*, 2012 IL 111719, ¶ 29 ("The legislature abandoned the structure of determinate MSR terms accompanying other offenses and adopted a structure of indeterminate or 'extended' MSR terms for sex offenses precisely because it viewed sex offenses differently, due to the risk of recidivism."). Requiring such an individual to successfully serve at least three years of MSR in the community before becoming eligible to be discharged from MSR term is neither cruel nor unusual in violation of the eighth amendment.

¶ 31        Notably, defendant does not argue on appeal that the facial constitutional challenge set forth in his section 2-1401 petition was meritorious. Rather, in his reply brief,

defendant asserts that he "does not need to prove at this time that the statute is facially unconstitutional." Instead, defendant argues that his section 2-1401 petition set forth a meritorious as-applied challenge to the statutory scheme at issue, as it contained an "independent legal argument that his Eighth Amendment rights are periodically violated when the State intermittently imprisons him." We disagree. While defendant's section 2-1401 petition alleged facts that might arguably support an as-applied challenge, the petition repeatedly stated that it was asserting a facial challenge and that the statutory scheme at issue was unconstitutional "upon anyone it [was] applied to." Moreover, even if defendant had asserted an as-applied challenge in his petition, the petition contained no allegation that it was brought with due diligence, which is required when a section 2-1401 petition raises a claim other than voidness. See *Sarkissian*, 201 Ill. 2d at 104.

¶ 32        We also reject defendant's argument that we should defer to the decision in *Murphy v. Raoul*, 280 F. Supp. 3d 731 (N.D. Ill. 2019) on the basis that it addressed the same issue raised by defendant. The *Murphy* court held that the requirement that sex offenders subject to indeterminate terms of MSR find suitable host sites before being released from prison violated the Eighth Amendment as applied to the indigent, homeless plaintiffs in that case. *Id.* at 763-66. Here, on the other hand, defendant's section 2-1401 petition alleged a facial challenge based on the "dead time" created by the tolling provision in the statutory scheme at issue. While defendant has filed other *pro se* pleadings concerning host site issues, the section 2-1401 petition at issue in this appeal contained no such allegations.

¶ 33        Because we have found the statutory scheme at issue could be constitutionally applied at least in instances where an individual is reconfined for a period of time after willfully violating conditions of MSR, the facial challenge set forth in defendant's section 2-1401 petition

fails. See *Bochenek*, 2021 IL 125889, ¶ 10 ("A statute will be deemed facially unconstitutional only if there is no set of circumstances under which the statute would be valid."). Accordingly, we affirm the trial court's denial of the section 2-1401 petition based on the petition's lack of merit rather than the reasons stated by the court. See *Brown*, 2017 IL App (1st) 142877, ¶ 39 ("[A] reviewing court may affirm on any grounds in the record, regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct." (Internal quotation marks omitted.)).

¶ 34                                    III. CONCLUSION

¶ 35            For the reasons stated, we affirm the trial court's judgment.

¶ 36            Affirmed.