NOTICE
Decision filed 06/02/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240666-U

NO. 5-24-0666

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| DAVID FUNKHOUSER, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 11-L-1307 |
| THE CITY OF GRANITE CITY, | ) ) | Honorable Andrew K. Carruthers, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McHANEY delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where David Funkhouser could not establish a facial constitutional challenge or a substantive due process challenge, we affirm the order dismissing his complaint; where the City of Granite City provided an administrative process by which David Funkhouser could have pursued a refund of the fee imposed, his claim is barred by the voluntary payment doctrine.

¶ 2   The plaintiff, David Funkhouser (Funkhouser), filed a class action complaint against the defendant, the City of Granite City (Granite City), challenging the constitutionality of Granite City's impoundment ordinance, which requires violators to pay an administrative processing fee when their vehicle is used in the commission of certain offenses. The trial court dismissed the complaint on October 25, 2013, and Funkhouser appealed. On May 4, 2015, this court reversed and remanded, finding that Granite City failed to allege affirmative matter that would preclude the

1

case from going forward, and assuming that the allegations of Funkhouser's complaint were true, the complaint stated a basis upon which relief could be granted. *Carter v. City of Alton*, 2015 IL App (5th) 130544. On December 19, 2023, Granite City filed a motion to dismiss and to strike Funkhouser's third amended complaint. The trial court granted Granite City's motion to dismiss and to strike on April 26, 2024. Funkhouser appeals from the dismissal of his complaint. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                    A. The Ordinance

¶ 5       In April 2009, the City Council of Granite City passed Ordinance No. 8128, its Impoundment of Motor Vehicles ordinance in the Granite City Municipal Code. In its prefatory statements, Granite City stated that it "tows and impounds private motor vehicles when there are concerns about the condition of the driver or because of the nature of certain pending criminal charges"; that "the process associated with private motor vehicles that have been towed and/or impounded utilizes City resources in the form of Police Department personnel time"; and that "in order to recover the expenditure of resources, it is in the best interest of the City to adopt rules and regulations associated with the impoundment of personal motor vehicles."

¶ 6       The ordinance established two levels of administrative fees, the assessment of which is based upon the underlying criminal charge. Granite City Municipal Code § 10.50.010 (eff. Apr. 6, 2009). A Level 1 administrative fee is $400, and a Level 2 administrative fee is $150. *Id.*

¶ 7       Section 10.50.020 of the code states:

> "Any motor vehicle, operated with the express or implied permission of the owner
> of record, that is used in connection with, to assist, or to commit, violations of any of the
> following statutes *** shall be subject to seizure and impoundment by the city, and the

owner of record of said motor vehicle shall be liable to the city for a Level 1 administrative fee, as provided for in this section, in addition to any towing and storage fees as hereinafter provided." *Id.* § 10.50.020.

Driving under the influence of alcohol/drugs (DUI) is listed as a violation authorizing impoundment. *Id.* (citing 625 ILCS 5/11-501 (West 2006)). "Whenever a police officer has reason to believe that a motor vehicle is subject to seizure and impoundment ***, the police officer may provide for the towing of the motor vehicle to a facility approved by the Chief of Police." *Id.* § 10.50.030(A). Section 10.50.030(B) provides:

> "The police officer shall notify any person identifying himself as the owner of the motor vehicle or any person who is found to be in control of the motor vehicle at the time of the alleged violation, if there is such a person, of the fact of the seizure and of the motor vehicle owner's right to request an administrative hearing to be conducted under this section." *Id.* § 10.50.030(B).

¶ 8    Granite City provides detailed information about notice of an administrative hearing in its ordinance. Within five business days after the motor vehicle is seized and impounded

> "the City shall notify by personal service or by certified mail the owner of record of the owner's right to request a hearing to challenge whether a violation of this Ordinance, or a violation of any statute referenced in this Ordinance occurred. The owner of record seeking a hearing must file a written request for a hearing with the Chief of Police *** no later than 10 business days after notice was mailed or otherwise served. The hearing date must be scheduled no more than 20 business days after a request for a hearing has been filed. All interested persons shall be given a reasonable opportunity to be heard at the hearing, and

3

to ask reasonable questions of other witnesses, in the discretion of the hearing officer." *Id.* § 10.50.040(A).

¶ 9 Section 10.50.040 also provides specific information about the standard of evidence required in this hearing and possible outcomes:

"If, after the hearing, the hearing officer determines by a preponderance of the evidence that the motor vehicle was used in connection with, to assist, or to commit, any violation of this Ordinance, or violation of any statute referenced in this Ordinance, then the hearing officer shall enter an order finding the owner of record of the motor vehicle civilly liable to the City for the applicable Administrative Fee." *Id.* § 10.50.040(B).

Further, at the conclusion of the hearing, if the hearing officer "determines by a preponderance of the evidence that the motor vehicle was not used in connection with such a violation, the hearing officer shall enter an order finding for the owner and for the return of the motor vehicle." *Id.* § 10.50.040(C).

¶ 10 The Granite City Municipal Code states that an impounded motor vehicle shall remain impounded until the administrative fee is paid to the City and all applicable towing fees are paid to the towing agent; or the owner posts a bond with the police department in an amount equal to the administrative fee and all towing fees are paid to the towing agent. *Id.* § 10.50.050(A)(i), (ii).

¶ 11 The ordinance expressly provides that the "towing or storage company shall be entitled to receive a reasonable fee from the owner or person entitled to possession of any such motor vehicle prior to the release of the motor vehicle." *Id.* § 10.50.080(B). The ordinance also states that the "[towing and storage] fees in this section shall be in addition to any Administrative Fee, fine, penalty, or fee, levied or assessed against the owner or operator of said motor vehicle by reason of

4

violation of any ordinance or statute, and any arrest which may have resulted from such violation" *Id.* § 10.50.080(C).

¶ 12 Moreover, if there is a not guilty verdict entered on the underlying charges that resulted in the impoundment of the vehicle, "any Administrative Fees or posted bond obtained by the City under this Ordinance shall be refunded to the paying party." *Id.* § 10.50.090.

¶ 13 The City Council of Granite City amended its Impoundment of Motor Vehicles Ordinance effective December 6, 2011. The amended ordinance is numbered 8282.[1] The Level 1 Administrative Fee was increased to $500.

¶ 14 Both versions of the ordinance are relevant in this case because Funkhouser, the class representative, amended his complaint on September 24, 2019, to expand the class to include persons impacted by the newer ordinance. As Funkhouser is the named plaintiff, and as his arrest, seizure, and impoundment of his motor vehicle predated the amended Impoundment of Motor Vehicles Ordinance, his Level 1 administrative fee is $400. All citations to the ordinance in this order will be to the 2009 version of Granite City's Impoundment of Motor Vehicles Ordinance.

¶ 15                    B. Procedural Background

¶ 16 On December 6, 2011, Funkhouser filed his complaint against Granite City alleging that he was arrested for DUI, that his car was towed and impounded pursuant to Granite City's ordinance, and that he was required to pay the mandated administrative fee. He challenged the administrative fee alleging that the "tow fees" require only a minimal amount of time and expense by Granite City Police Department employees to write a receipt for payment of the required tow fee.

_____

[1]David Funkhouser was arrested for DUI on July 10, 2011, and was subject to the 2009 ordinance in effect on that date—Granite City's Ordinance 8128, which included the Level 1 administrative fee of $400 for a DUI arrest.

5

¶ 17    On June 1, 2012, the trial court entered an order directing Funkhouser to state if he was challenging the ordinance facially or as applied. In response, Funkhouser filed his amended complaint on July 26, 2012, to more specifically allege a facial challenge to the constitutionality of Granite City's ordinance.

¶ 18    Granite City filed a motion to dismiss and strike Funkhouser's complaint on December 5, 2012, pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)). On October 25, 2013, the trial court granted Granite City's motion to dismiss explaining that substantive due process does not stop a municipality from imposing a civil penalty for using a vehicle or allowing a vehicle to be used in the commission of certain offenses. In dismissing the amended complaint, the trial court heavily relied upon *People v. Ratliff*, 282 Ill. App. 3d 707, 713 (1996) (where the appellate court found that a $500 impoundment charge labeled as a fine, constituted a fee because it was a "reasonable proxy for the likely actual administrative costs incurred").

¶ 19    Funkhouser appealed the dismissal of his amended complaint to this court. We reversed and remanded stating that the trial court must take the allegations in the complaint as true; that Funkhouser alleged facts that could potentially lead to a legal conclusion that the fees imposed by Granite City's ordinance violate substantive due process; and that he had not yet had an opportunity to fully conduct discovery. *Carter*, 2015 IL App (5th) 130544, ¶¶ 45, 48.

¶ 20    Funkhouser filed the third amended version of his complaint on November 7, 2022. On December 19, 2022, Granite City filed its motion to dismiss and strike the amended complaint. On April 26, 2024, the trial court granted the motion to dismiss. Funkhouser filed his notice of appeal on May 22, 2024.

¶ 21                                    II. ANALYSIS

¶ 22    Granite City filed its motion to dismiss and strike the final amended class action complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)). The motion to dismiss was filed pursuant to section 2-619 of the Code (*id.* § 2-619) and the motion to strike was filed pursuant to section 2-615 of the Code (*id.* § 2-615).

¶ 23    Section 2-619.1 allows a party to combine a section 2-615 motion to dismiss based upon pleadings (*id.* § 2-615) with a section 2-619 motion to dismiss based upon certain defects or defenses (*id.* § 2-619), and/or a motion for summary judgment (*id.* § 2-1005). On appeal, a trial court's dismissal of a complaint pursuant to section 2-619.1 is reviewed *de novo*. *Madison County v. Illinois State Board of Elections*, 2022 IL App (4th) 220169, ¶ 42 (citing *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (2009)). The appellate court "may affirm the dismissal on any basis supported by the record." *Id.* (citing *Stoll v. United Way of Champaign County, Illinois, Inc.*, 378 Ill. App. 3d 1048, 1051 (2008)). Moreover, "[s]ection 2.619.1 motions may be granted where a defendant raises an affirmative defense or other matter that defeats the plaintiff's claim as a matter of law or based on an easily proved issue of fact. *Walworth Investments-LG, LLC v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 38.

¶ 24    On appeal, Funkhouser argues that the trial court erred in dismissing his complaint because Granite City's administrative fee was not rationally related to a legitimate legislative purpose, that Granite City's impoundment of motor vehicles ordinance violated his substantive due process rights, and that the voluntary payment doctrine did not bar him from seeking a refund of the fees he paid.

¶ 25                                    A. Facial Challenge

¶ 26    Funkhouser does not argue that the ordinance impacts his fundamental rights. Thus, the proper test for a substantive due process claim is the rational basis test. *People v. Pepitone*, 2018 IL 122034, ¶ 14 (quoting *People v. Rizzo*, 2016 IL 118569, ¶ 45). Municipal ordinances—just like statutes—are presumed valid. *City of Chicago v. Pooh Bah Enterprises, Inc.*, 224 Ill. 2d 390, 406 (2006). Thus, courts must uphold the constitutionality of ordinances if it is reasonably possible to do so. *Id.*

¶ 27    The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Jones*, 223 Ill. 2d 569, 580 (2006). If the language of the statute is clear and unambiguous, courts must not resort to aids of statutory construction. *Id.* at 580-81. The ordinance "will pass constitutional muster if it is rationally related to a legitimate governmental interest and is not arbitrary or discriminatory." *Leehy v. City of Carbondale*, 2023 IL App (5th) 220542, ¶ 48 (citing *Carter*, 2015 IL App (5th) 130544, ¶ 19).

¶ 28    "If there is any conceivable basis for determining that the statute is rationally related to a legitimate state interest, the law must be upheld." *People v. Gray*, 2017 IL 120958, ¶ 61 (citing *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 126 (2004); *People ex rel. Lumpkin v. Cassidy*, 184 Ill. 2d 117, 124 (1998)). To apply the rational basis test, "a court must first ascertain the purpose of the statute to determine whether the statute's provisions reasonably implement that purpose." *Gray*, 2017 IL 120958, ¶ 62 (citing *In re M.A.*, 2015 IL 118049, ¶ 55). As the Illinois Supreme Court stated:

> "In applying the rational basis test, we must identify the public interest that the statute was intended to protect, determine whether the statute bears a reasonable relationship to that interest, and verify whether the means chosen to protect that interest are reasonable.

8

[Citation.] As long as there is a reasonably conceivable set of facts showing that the legislation is rational, it must be upheld. [Citation.] Whether the statute is wise or sets forth the best means to achieve the desired result are matters for the legislature, not the courts." *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 29.

¶ 29    "A facial challenge to the constitutionality of a legislative enactment is the most difficult challenge to mount successfully [citation], because an enactment is facially invalid only if no set of circumstances exists under which it would be valid." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305-06 (2008); see also *People v. Thompson*, 2015 IL 118151 (citing *People v. Garvin*, 219 Ill. 2d 104, 117 (2006)). "The fact that the enactment could be found unconstitutional under some set of circumstances does not establish its facial invalidity." *Napleton*, 229 Ill. 2d at 306. Moreover, even if we were to find that the language of the ordinance is unclear or ambiguous, a court "will resolve any doubt as to the statute's construction in favor of its validity." *People v. One 1998 GMC*, 2011 IL 110236, ¶ 20 (citing *People v. Boeckmann*, 238 Ill. 2d 1, 6-7 (2010)).

¶ 30    We must determine if the $400 Level 1 administrative fee in Granite City's ordinance is rationally related to a legitimate legislative purpose and is neither arbitrary nor unreasonable. *Napleton*, 229 Ill. 2d at 307. In *Carter v. Alton*, we stated: "A fee is rationally related to [the interest the ordinance is meant to advance] if the amount charged bears some reasonable relationship to the actual costs it is intended to recoup." *Carter*, 2015 IL App (5th) 130544, ¶ 19. "The fee need not represent the precise costs incurred by the cities," but "it 'must at least *relate*' to those actual costs." (Emphasis in original.) *Id.* (quoting *Jones*, 223 Ill. 2d at 585).

¶ 31    Funkhouser argues that any fee Granite City is entitled to recover must solely relate to the costs incurred by Granite City in towing or impounding the vehicle. He argues that the $400 fee is

9

unjustified because Granite City does not actually tow or impound the vehicle. We note that the trial court did not address this argument in concluding that Funkhouser failed to establish a facial due process challenge. However, as our review is *de novo* (*Madison County*, 2022 IL App (4th) 220169, ¶ 42 (citing *Morris*, 392 Ill. App. 3d at 402)), we find that Funkhouser's argument is illogical and contrary to the plain language of the ordinance. Section 10.50.020(A) states:

"any motor vehicle, operated with the express or implied permission of the owner of record [in the commission of a DUI] *** shall be subject to seizure and impoundment by the city, and the owner *** shall be liable to the city for a Level 1 administrative fee *** *in addition to any towing and storage fees ***.*" (Emphasis added.) Granite City Municipal Code § 10.50.020(A) (eff. Apr. 6, 2009).

Furthermore, Granite City's ordinance contains a section strictly dealing with the towing agency, stating that the "towing or storage company" is entitled to a "reasonable fee from the owner or person entitled to possession of any such motor vehicle prior to the release of the motor vehicle *** to cover the cost of removing said motor vehicle, and in addition thereto, the cost of storage of said motor vehicle" and that these fees "shall be in addition to any Administrative Fee *** levied or assessed against the owner or operator of said motor vehicle by reason of violation of any *** ordinance or statute." *Id.* § 10.50.080(B), (C).

¶ 32 We find that Granite City enacted Ordinance No. 8128 (and amended it with Ordinance No. 8282) to recover some of the administrative costs associated with the towing and impoundment of vehicles. In its prefatory paragraphs to the 2009 version of the ordinance, Granite City stated that "the process associated with private motor vehicles that have been towed and/or impounded utilizes City resources in the form of Police Department personnel time." Granite City specifically

10

stated that its purpose in enacting the Impoundment of Motor Vehicles Ordinance was to recover the expenditure of City resources.

¶ 33    Although, the record on appeal does not reflect any studies or testimony in the form of depositions or affidavits from Granite City representatives confirming the approximate costs involved with a DUI arrest—the investigation, arrest, detention of an offender, inventory of the vehicle, and subsequent reporting and clerical work—we do not doubt that the actual personnel costs are consistent with the administrative fee charged by Granite City. "Under the rational basis test, the court may hypothesize reasons for the legislation, even if the reasoning advanced did not motivate the legislative action." *Lumpkin*, 184 Ill. 2d at 124. We also find support in *Leehy v. City of Carbondale*, 2023 IL App (5th) 220542, where this court determined that the personnel costs do not need to perfectly align with the administrative fee to be deemed constitutional as courts have upheld fees more than five times greater than the actual costs. *Leehy*, 2023 IL App (5th) 220542, ¶ 51 (citing *A&H Vending Service, Inc. v. Village of Schaumburg*, 168 Ill. App. 3d 61, 65-66 (1988)). We conclude that Granite City's ordinance—designed to recover costs and expenses incurred by its police department in handling criminal investigations that culminate in an arrest, towing, and impoundment of the suspect's vehicle—serves a legitimate purpose and is valid. *Gray*, 2017 IL 120958, ¶ 61 (citing *Village of Lake Villa*, 211 Ill. 2d at 126; *Lumpkin*, 184 Ill. 2d at 124); *Hayashi*, 2014 IL 116023, ¶ 29.

¶ 34    We also do not find that the ordinance is facially invalid as Funkhouser cannot establish there is "no set of circumstances *** under which it would be valid." *Napleton*, 229 Ill. 2d at 306. The trial court found that Funkhouser's own pleadings established that there was a "set of circumstances" where Granite City's ordinance would be valid. In August 2022, Funkhouser asked the trial court for leave to amend the certified class to exclude any members whose arrests involved

additional expenses—vehicular crashes where someone was taken to a hospital for treatment; felony arrests and investigations; and cases where EMT or fire services were called to the scene. Funkhouser sought to exclude these individuals from the class because those individuals could defeat his claim that the ordinance is facially invalid. *Id.* at 305. In essence, the personnel costs associated with the arrests of the class members Funkhouser sought to exclude, would likely have exceeded the Level 1 administrative fee, and thus the fee would be rationally related to a legitimate legislative purpose. *Id.* at 307. As the court stated: "[Funkhouser's] attempt to exclude that 'very small segment' from the class *** would necessarily defeat the facial challenge."

¶ 35 Additionally, the trial court concluded that Granite City's ordinance provided for an administrative hearing after which the hearing officer could determine that the vehicle was not used in connection with a violation of a statute or ordinance, and "enter an order finding for the owner and for the return of the motor vehicle." Granite City Municipal Code § 10.50.40(C) (eff. Apr. 6, 2009).

¶ 36 We find that the trial court's order dismissing Funkhouser's complaint was appropriate under section 2-619 of the Code. 735 ILCS 5/2-619 (West 2020).

¶ 37                                B. Substantive Due Process

¶ 38 Funkhouser next argues that the trial court erred in finding that he failed to establish a violation of his substantive due process rights. His argument is based on the theory that the ordinance only authorizes Granite City to recover administrative expenses for writing or printing the receipt for the fees charged. He argues that the $400 fee for printing a receipt bears no reasonableness to the actual expenses.

¶ 39 Substantive due process prevents a governmental body from taking certain action even if it provides appropriate procedural safeguards. *LMP Services, Inc. v. City of Chicago*, 2017 IL App

12

(1st) 163390 (quoting *In re Marriage of Miller*, 227 Ill. 2d 185, 197 (2007)); *Casanova v. City of Chicago*, 342 Ill. App. 3d 80, 91 (2003). Substantive due process protects certain fundamental rights "that are deeply rooted in our nation's history and traditions." *In re Amanda D.*, 349 Ill. App. 3d 941, 946 (2004) (citing *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). "When a fundamental right is at issue, governmental action that impairs the right must be narrowly tailored to advance a compelling state interest." *Id.* (citing *Washington*, 521 U.S. at 721). The United States Supreme Court urges the exercise of caution when determining if a legislative action gives rise to a cause of action under substantive due process. *Washington*, 521 U.S. at 720.

¶ 40     The first step in analyzing a substantive due process claim is to "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). If a state action does not implicate a fundamental right, then it cannot implicate substantive due process. *Idris v. City of Chicago*, 552 F.3d 564, 566 (7th Cir. 2009) (finding that a $90 fine for a traffic infraction, which constituted a property interest, is too modest to implicate a fundamental right).

¶ 41     Funkhouser argues that Granite City infringed upon his constitutional right as follows: "The amount chosen for the fee in this case lacks any reasonableness whatsoever, and the City has failed to establish reasonableness." Again, he contends that the $400 fee charged was solely for the costs incurred by Granite City in presenting him with the receipt.

¶ 42     The trial court concluded that Funkhouser failed to establish that Granite City implicated a fundamental right because the challenge involved only the deprivation of a property interest. *Idris*, 552 F.3d at 566. A valid substantive due process claim necessarily requires a plaintiff to "allege that the decision was arbitrary and irrational and must show either a separate constitutional violation or the inadequacy of state law remedies." *PBM Stone, Inc. v. Palzer*, 251 Ill. App. 3d 390, 394-95 (1993). "[W]hen a substantive due-process challenge involves only the deprivation of

13

a property interest, a plaintiff must show 'either the inadequacy of state law remedies or an independent constitutional violation' before the court will even engage in this deferential rational-basis review." *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003). "[I]n cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest, without alleging a violation of some other substantive constitutional right or that the available state remedies are inadequate, the plaintiff has not stated a substantive due process claim." (Internal quotation marks omitted.) *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1481 (7th Cir. 1990).

¶ 43 The trial court ultimately concluded that Funkhouser's substantive due process claim was defeated because he had adequate administrative remedies available within Granite City's ordinance—to request an administrative hearing. Funkhouser correctly counters that the language of Granite City's ordinance only allows the administrative process to address the propriety of the seizure and impoundment and does not allow him to challenge the fee on substantive due process grounds. However, the ordinance provides a pathway to recover all or part of the $400 fee, which is the relief that Funkhouser desires.

¶ 44 We find that Funkhouser has failed to make a claim of a valid substantive due process violation. Because Funkhouser's substantive due process challenge only involves deprivation of a property interest, he must either establish that state law remedies are inadequate or state an independent constitutional violation. *Lee*, 330 F.3d at 467; *PBM Stone*, 251 Ill. App. 3d at 394-95. We have already concluded that the ordinance could not legitimately be interpreted to mean that the $400 fee was solely for Granite City's provision of a receipt. Thus, we do not find that the fee is arbitrary or irrational. *PBM Stone*, 251 Ill. App. 3d at 395-95. Additionally, Funkhouser has not established a separate constitutional violation or established that there were no adequate state

14

remedies available. *Id.* The trial court's order dismissing his complaint was correct as we agree that at most Funkhouser is claiming deprivation of a property interest, and he failed to establish a substantive due process violation. *Lee*, 330 F.3d at 467. Dismissal was proper as a matter of law. 735 ILCS 5/2-619 (West 2020); *Parks v. Kownacki*, 193 Ill. 2d 164, 175 (2000) (citing *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 109-10 (1999)).

¶ 45                            C. Voluntary Payment Doctrine

¶ 46    The trial court also found that dismissal of Funkhouser's amended complaint was warranted pursuant to the voluntary payment doctrine, stating that the Granite City ordinance contained a method to seek a refund of the fee, and Funkhouser chose not to utilize that remedy.

¶ 47    The voluntary payment doctrine is based in common law. The Illinois Supreme Court explained this doctrine in its 1902 case, *Yates v. Royal Insurance Co.*, 200 Ill. 202, 206 (1902), as follows:

> "The principle is an ancient one in the common law and is of general application. Every man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as the reason why the state should furnish him with legal remedies to recover it back. Money voluntarily paid to another under a mistake of the law, but with knowledge of all the facts, cannot be recovered back."

¶ 48    This common law doctrine remains "universally recognized" today. *King v. First Capital Financial Corp.*, 215 Ill. 2d 1, 27-28 (2005). "The rule is that in the absence of fraud, misrepresentation, or mistake of fact, money voluntarily paid under a claim of right to the payment, with full knowledge of the facts by the person making the payment, cannot be recovered unless the payment was made under circumstances amounting to compulsion." (Internal quotation marks

15

omitted.) *Id.* at 30. Unless there is a statute which permits recovery for the payment of these fees "improperly assessed by a municipality or utility," that person is not allowed to recover the voluntarily paid fee. *Getto v. City of Chicago*, 86 Ill. 2d 39, 48 (1981); see also *Alvarez v. Pappas*, 229 Ill. 2d 217, 233-34 (2008) (holding that a taxpayer may not recover taxes voluntarily paid even if the taxing body illegally imposed or assessed the taxes unless the recovery is authorized by statute).

¶ 49    Whether the payment is voluntary presents a moot question if the legislature has provided a statutory remedy for the refund. *Scoa Industries, Inc. v. Howlett*, 33 Ill. App. 3d 90, 96 (1975); *Alvarez*, 229 Ill. 2d at 233-34. "Where *** the legislature has enacted a statutory remedy for a refund, a taxpayer who has voluntarily or involuntarily paid his taxes can recover them only by virtue of that statute." *Alvarez v. Pappas*, 374 Ill. App. 3d 39, 48 (2007).

¶ 50    Here, Funkhouser claims that his $400 fee payment was compulsive and made under duress in that his vehicle was taken by Granite City and he could not retrieve the vehicle until he paid that administrative impoundment fee. He argues that if he had refused to pay the fee, he would not have been able to get his vehicle back. In support of his argument, he cites Illinois cases where businesses who were forced to pay money under duress to avoid "disastrous effects to business" could recover that money paid. See *Edward P. Allison Co. v. Village of Dolton*, 24 Ill. 2d 233, 235 (1962) (where the Village of Dolton threatened to shut down the electrical work that was being performed for the village by Edward P. Allison Co., Inc. unless the company paid certain license and inspection fees, the court concluded that the payment of the fees was involuntary); *Illinois Glass Co. v. Chicago Telephone Co.*, 234 Ill. 535, 546 (1908) (where Illinois Glass Company was overcharged for telephone services by the Chicago Telephone Company and did not discover the overcharged amounts until after the expiration of the applicable statute of limitations, Illinois Glass

16

could not recover the wrongful amount paid, and the supreme court stated: "Although the defendant could not legally require payment of more than $125 per year for the business telephone, and the plaintiff was not legally bound to pay more, a larger sum was voluntarily paid without fraud, mistake of fact, or other ground for annulling the contract."). The payments in both cases were not made pursuant to, or otherwise governed by, a statute containing an administrative method to recover the fees. Thus, we find that Funkhouser's argument lacks merit.

¶ 51     Conversely, as noted in *Scoa Industries, Inc.* and *Alvarez*, if there is a statutory remedy for a refund, the only mechanism to recover that fee is compliance with the statute. Section 10.12.040 of Granite City's Impoundment of Motor Vehicles Ordinance expressly provides an administrative remedy for contesting and potentially recovering the fee:

"Within 5 business days after a motor vehicle is seized and impounded pursuant to this Ordinance, the City shall notify *** the owner of record of the owner's right to request a hearing to challenge whether a violation of this Ordinance, or a violation of any statute referenced in this Ordinance, has occurred. The owner of record seeking a hearing must file a written request for a hearing with the Chief of Police *** no later than 10 business days after notice was mailed or otherwise served. The hearing date must be scheduled not more than 20 business days after a request for a hearing has been filed. All interested persons shall be given a reasonable opportunity to be heard at the hearing, and to ask reasonable questions of other witnesses, in the discretion of the hearing officer.***" Granite City Municipal Code § 10.50.040(A) (eff. Apr. 6, 2009).

"If, after the hearing, the hearing officer determines by a preponderance of evidence that the motor vehicle was used in connection with, to assist, or to commit, any violation of this Ordinance, or violation of any statute referenced in this Ordinance, then

17

the hearing officer shall enter an order finding the owner of record of the motor vehicle civilly liable to the City for the applicable Administrative Fee." *Id.* § 10.50.040(B).

"If, after a hearing the hearing officer determines by a preponderance of the evidence that the motor vehicle was not used in connection with such a violation, the hearing officer shall enter an order finding for the owner and for the return of the motor vehicle." *Id.* § 10.50.040(C).

Accordingly, we agree with the trial court's conclusion that Funkhouser's claim is barred by the voluntary payment doctrine and that dismissal was proper pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)).

¶ 52                                      III. CONCLUSION

¶ 53    For the foregoing reasons, we affirm the order of the Madison County circuit court dismissing this case pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (*id.* §§ 2-615, 2-619).

¶ 54    Affirmed.