NOTICE
Decision filed 02/24/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241062-U

NO. 5-24-1062

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| CARL LENARD and PRISONER MEDIA-X, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 23-LA-36 |
| | ) | |
| THE OFFICE OF THE ILLINOIS SECRETARY OF STATE, | ) | |
| | ) | |
| | ) | |
| Defendant-Appellee | ) | Honorable |
| | ) | Lucas H. Liefer, |
| (Carl Lenard, Plaintiff-Appellant). | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Sholar and Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the circuit court's order dismissing the plaintiff's complaint, as he failed to comply with statutory requirements in submitting his Freedom of Information Act requests.

¶ 2    The plaintiff, Carl Lenard, appeals the July 10, 2024, order of the circuit court of Randolph County, dismissing his complaint against the defendant, the Office of the Illinois Secretary of State (ILSOS). For the following reasons, we affirm the dismissal.

¶ 3                                I. BACKGROUND

¶ 4    On October 17, 2023, Lenard, acting *pro se*, filed a complaint against the defendant, ILSOS, alleging violations of the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West

1

2022)). In addition to naming Lenard as plaintiff, bringing the action on behalf of himself, the complaint purported to be filed on behalf of "Prisoner Media-X, the nonprofit 501(c)(3) organization formed by [Lenard] and parent company of Redacted Legal News; a news publication."

¶ 5    The complaint alleged that Lenard submitted requests to ILSOS on behalf of himself and Prisoner Media-X. Lenard alleged that on or about March 20, 2023, he submitted three individual letters to ILSOS requesting records for inspection and/or copying, and he mailed his requests via the United States Postal Service (USPS) to: "Attn: FOIA Officer; 17 North State Street, Suite 1179, Chicago, Illinois 60602. See exhibits D, E, F, G." Lenard alleged he sent a follow-up letter to the same address on or about April 13, 2023. On or about April 28, 2023, Lenard considered the lack of response from ILSOS to be a denial, so he filed a request for review with the Public Access Counselor (PAC) of the Office of the Illinois Attorney General. The PAC responded to Lenard, advising that it had "determined that no further inquiry is warranted."

¶ 6    The complaint alleged that Lenard submitted four additional letters to ILSOS on or about June 27, 2023, with requests to inspect or copy records. He mailed these letters via USPS to: "Attn: FOIA Officer; 17 North State Street, Suite 1179, Chicago, Illinois 60602. See exhibits I, J, K, L." Lenard alleges that ILSOS denied a total of 41 requests in his various letters. He alleged that ILSOS "willfully, intentionally and/or in bad faith denied his FOIA requests." Lenard's request for relief included an order for ILSOS to provide the requested documents, penalties in the amount of $205,000 paid to Lenard, and costs of filing suit.

¶ 7    On February 21, 2024, ILSOS filed a motion to dismiss the complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)). ILSOS argued that the complaint should be dismissed because the plaintiffs failed to establish that they properly

submitted FOIA requests to ILSOS. This argument was supported by the affidavit of Janna Spriester, the FOIA officer for ILSOS, who stated that the ILSOS record system did not show receipt of any FOIA request from Lenard from March 18, 2023, to October 17, 2023. Next, ILSOS argued that the requests failed to comply with FOIA procedures because they were improperly addressed. Finally, ILSOS argued that the request for review submitted to the PAC did not constitute receipt of the request. Further, as to Prisoner Media-X, ILSOS argued that a corporation may only file a complaint through a licensed attorney, so it should be dismissed as a party. Plaintiff was granted time to file a written response to the motion to dismiss; however, the record on appeal does not contain a response.

¶ 8       On July 10, 2024, the circuit court entered a written order that dismissed the complaint in its entirety, with prejudice. Lenard filed a timely motion to reconsider the order dismissing the complaint. Before the motion to reconsider could be ruled upon, Lenard filed a notice of appeal. The circuit court denied the motion to reconsider on February 6, 2025, which made Lenard's notice of appeal effective that day.

¶ 9                                    II. ANALYSIS

¶ 10     Lenard argues that the affidavit by Spriester is false and that ILSOS received all FOIA requests via email on June 7, 2023. Lenard further argues that he did not send the requests to an improper address, as he sent the requests to the address maintained by the PAC. The ILSOS responds that the circuit court properly dismissed Lenard's complaint because Lenard failed to submit his FOIA requests in compliance with the ILSOS regulations and failed to send them to the FOIA officer's designated address as identified on the Secretary's official forms. As a result, ILSOS was never in receipt of the requests under the Act, as further established by ILSOS's unrebutted affidavit evidence. Finally, ILSOS argues that only individuals who have been denied

3

access to records, meaning that an agency has actually received a request, may bring an action under section 11 of FOIA (5 ILCS 140/11 (West 2022)). We agree.

¶ 11    Our review of an order granting a motion to dismiss is *de novo*. *Pinkston* v. *City of Chicago*, 2023 IL 128575, ¶ 21. On *de novo* review, this court may affirm the circuit court's judgment on any basis established by the record and law. *Funkhouser v. City of Granite City*, 2025 IL App (5th) 240666, ¶ 22.

¶ 12    In reviewing a dismissal under section 2-619, this court construes all well-pleaded facts and makes all reasonable inferences in the plaintiff's favor. *Goral v. Dart*, 2020 IL 125085, ¶ 27; *Smith v. Jones*, 2025 IL App (5th) 231136, ¶ 19. However, it "disregard[s] all legal and factual conclusions in the complaint that are not supported by specific factual allegations." *McHenry Township v. County of McHenry*, 2022 IL 127258, ¶ 57. Similarly, "unsupported conclusions, opinions, or speculation are insufficient to" survive a section 2-619 motion to dismiss. *Northwestern Illinois Area Agency on Aging v. Basta*, 2022 IL App (2d) 210234, ¶ 47 (citing *Valfer v. Evanston Northwestern Healthcare*, 2016 IL 119220, ¶ 20; *Rojo v. Tunick*, 2021 IL App (2d) 200191, ¶ 41).

¶ 13    The affirmative matter contemplated in a motion to dismiss must be apparent on the face of the complaint; otherwise, the motion must be supported by affidavits or other evidentiary materials. *Masters v. Murphy*, 2020 IL App (1st) 190908, ¶ 16. A defendant may present "affidavits or other evidentiary matter" to support an asserted defense under section 2-619(a)(9) of the Code, in which case "the burden shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven." *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 16. Facts contained in an affidavit

4

supporting a dispositive motion that are not contradicted by a counteraffidavit are to be taken as true. *Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1071 (1992).

¶ 14    FOIA expressly authorizes public bodies to promulgate rules governing the time, place, and person from whom records may be requested. 5 ILCS 140/3(h) (West 2024). ILSOS has exercised that authority by adopting regulations requiring that FOIA requests be addressed to the FOIA officer or the director of the department maintaining the requested records. 2 Ill. Adm. Code 551.130(a). The proper address of the FOIA officer is an " 'easily proved issue[ ] of fact' " appropriate for resolution under section 2-619. *Colon v. Illinois Central R.R. Co.*, 2024 IL App (1st) 221841, ¶ 24 (quoting *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995)).

¶ 15    Here, as alleged in his complaint, Lenard's requests were sent to 17 North State Street, Suite 1179, Chicago, Illinois 60602, rather than the address prescribed by ILSOS, 100 West Randolph St., Ste. 15-600, Chicago, IL 60601. For this reason, Lenard failed to properly submit his FOIA request. Additionally, ILSOS supported its motion to dismiss with the affidavit of Spriester, who averred that the ILSOS record system did not show receipt of any FOIA request from Lenard from March 18, 2023, to October 17, 2023. Further, due to Lenard's request not being received, he was not denied access to records.

¶ 16    Because Lenard failed to comply with the prescribed procedures for submitting FOIA requests, ILSOS never received his requests within the meaning of the Act, and ILSOS's duty to respond was never triggered. Absent receipt of a proper request, Lenard was not denied access to public records and therefore lacked a right of action under section 11 of FOIA. *Harper v. Health Care Service Corp.*, 2023 IL App (1st) 220078, ¶ 47. Therefore, the circuit court properly dismissed Lenard's complaint.

¶ 17     Additionally, Lenard cannot properly represent Prisoner Media-X. Lenard, proceeding *pro se*, filed his complaint on behalf of himself and Prisoner Media-X. Prisoner Media-X is a nonprofit 501(c)(3) organization formed by Lenard and parent company of Redacted Legal News and, as a corporate entity, must be represented by a licensed attorney. *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, 54. While the absence of counsel for Prisoner Media-X is not directly before this court, we note the rule to clarify that Lenard, as a non-attorney, may not file pleadings or otherwise litigate claims on behalf of the corporation.

¶ 18                               III. CONCLUSION

¶ 19     For the reasons stated above, we affirm the decision of the circuit court.

¶ 20     Affirmed.